**Burl JONES et al., Appellants,**

v.

**O. T. EAMES, Appellee.**

No. 3808.

Court of Civil Appeals of Texas.

Eastland.

June 21, 1963.

James H. Thornhill, Jr., Dallas, for appellants.

Thomas A. Melody, Dallas, for appellee.

COLLINGS, Justice.

O. T. Eames, a partner in the firm of Eames and Sanders brought suit against Burl Jones and Thomas E. King to recover the value of materials used by Jones in the construction of the home of King and to foreclose a materialman's lien upon King's property and for interest and attorney's fees. Summary judgment was rendered for O. T. Eames for the sum of $899.32, for attorney's fees in the sum of $250.00 plus 6% interest, and for foreclosure of plaintiff's materialman's lien on King's property. Burl Jones and Thomas E. King have appealed.

In appellants' first point it is contended that the court erred in granting appellee's motion for summary judgment because under the pleadings and affidavits substantial and material fact issues existed.

Appellee Eames by his sworn pleadings sought to recover the sum of $899.32, represented to be the value of materials furnished by him and used by Jones in building the home of appellant King and also sought to foreclose his alleged materialman's lien in the same amount. Appellant Jones first filed a general denial and thereafter filed a verified amended answer and cross-action setting forth detailed facts in support thereof in which he alleged under oath that Eames at the time he furnished the material in question owed Jones a sum of money in excess of the claim alleged by Eames and that Eames agreed to pay his indebtedness to Jones by delivering to him sufficient materials to offset such indebtedness, and that the materials were delivered to Jones in part payment of Eames' indebtedness to him. Jones also set up a counterclaim against Eames for the sum of $245.68, alleged to be the amount of Eames' indebtedness to him after allowing plaintiff credit for the material furnished. King answered alleging that he had no dealings with Eames and owed him nothing but tendered into court the sum of $899.32, the alleged amount of the materialman's lien.

Thereafter, appellee Eames filed his motion for summary judgment. In this motion he alleged that his suit was based upon a mechanic's lien duly and properly filed under the laws of the State of Texas in the amount of $899.32, as alleged in his original petition and attached thereto. He further alleged in such motion that although defendant had filed an answer that the answer was not verified and did not conform to the rules of civil procedure; that accordingly, since no answer had been filed sufficient in law, appellee was entitled to judgment as a matter of law as prayed in his original petition. Appellee's allegation in his motion for summary judgment that the answer of appellant Jones was not verified was in error. Jones did file a general

**526**

denial which was not verified but thereafter, as above noted, filed his first amended answer and counterclaim, which was duly verified.

Appellants Burl Jones and Thomas E. King filed their answer to the motion of Eames for summary judgment including therein by reference all the pleadings in the case. Appellants asserted in their answer to appellee's motion for summary judgment that there were disputed and material fact issues in the case which could not be disposed of by summary proceedings but required determination by a jury; that such disputed fact issues included questions of whether or not defendant Jones ever owed Eames for such materials, whether or not such materials were given Jones in payment of a debt owed by Eames to Jones, whether or not, if it should be found that Jones purchased the materials as claimed by Eames, that he was paid therefor by cancellation of a pre-existing debt which he owed to Jones, and whether or not Eames is indebted to Jones as set forth in the cross-action of appellant Jones.

In our opinion there were disputed and material fact issues and the court erred in entering summary judgment for appellee, O. T. Eames. Appellee by verified pleadings and certified copy of his alleged materialman's lien duly and properly recorded sought judgment for the value of the material furnished and foreclosure of his lien. Appellant Jones filed a verified pleading and cross-action, denying any indebtedness to appellee Eames. He did not deny the receipt of the materials but denied any promise or obligation on his part to pay therefor, alleging that Eames owed him a sum of money at the time of the delivery of such material in excess of the value thereof and that Eames delivered such material as part payment of such indebtedness. The only evidence submitted by Eames in support of his motion for summary judgment was a certified copy of the mechanic's lien claimed and filed by him as attached to his original petition.

Where, as here, a defendant has denied under oath a claim for materials furnished, the burden is upon the plaintiff to prove his claim by a preponderance of the evidence. It is held that the defendants' affidavit of denial destroys the character of the account as prima facie evidence and places in issue the correctness of all items constituting the account and the existence of any indebtedness based thereon. Rules 166–A, 185 and 93 Texas Rules Civil Procedure; Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235; Layne Glass Company v. Parker, Tex. Civ.App., 340 S.W.2d 363; Toliver v. Bergmann, Tex.Civ.App., 297 S.W.2d 208; Rees v. State, Tex.Civ.App., 258 S.W.2d 823; Tucker v. Neal Oil Corp., Tex.Civ.App., 255 S.W.2d 302; H. G. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570; Opryshek v. McKesson & Robbins, Inc., Tex.Civ.App., 367 S.W.2d 357. Since the record discloses material issues of fact summary judgment was improperly entered.

The judgment is reversed and the cause is remanded.