**AMERICAN HOME FENCE COMPANY,**
Appellant,

v.

**Bart H. HIMES and Erman G. Tate, d/b/a Himes & Tate Redwood Supply, Appellees.**

No. 17.

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1964.

Rehearing Denied Jan. 30, 1964.

W. B. Pope, Dallas, for appellant.

Neil Brans, Brans & Berryman, Dallas, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Designating the parties as they appeared in the court below, plaintiffs, Himes and Tate, d/b/a Himes and Tate Redwood Supply, filed suit against American Home Fence Company, seeking to recover the sum of $1,780.33, which they allege to be the balance due upon an account with the defendant for the sale and delivery of various items of wares and merchandise according to their itemized invoices. They also sought to recover attorney fees in the amount of $575.00.

The defendant, American Home Fence Company, duly and timely filed its sworn answer which reads as follows:

"The account which plaintiffs have sued on herein is not wholly just or true for the reason that the materials inventoried in the statement of the account" * * * "were of such quality and grade lower than that for which the prices shown in such statement were charged, that such account as to the prices of the various items of materials shown in said statement should be adjusted lower and to the extent of the difference in the prices for such items as shown in such statement and

as same should have been shown *and* such account is not just and true and is not owed by this defendant to such extent."

The answer was sworn to by Alvin B. Walker, President of American Home Fence Company.

Plaintiffs thereafter filed their motion for summary judgment, which motion incorporated the original petition including the sworn account and was further supported by the affidavits of each of the plaintiffs.

Plaintiffs in their original petition, which is a part of the motion, assert that defendant agreed to pay the prices charged for the material, and that they were reasonably worth such amount; in plaintiffs' affidavits attached to this motion, they do not assert any agreement was reached on prices, but that the prices were fair, reasonable and the prevailing market price for the material of the quality and quantity furnished.

Defendant, American Home Fence Company, failed to file any controverting affidavit or reply to the motion, but relied upon his sworn answer to the petition as joining the issue. After a hearing on the motion, the trial court sustained the motion and granted judgment to plaintiffs for the full amount sued for as well as attorney's fees from which judgment and ruling appellants perfected this appeal.

By point two in the brief, defendant takes the position that the filing of the sworn denial alone, without controverting affidavit joins the issue on the justness of the account, thereby creating a question of fact, and therefore the court erred in granting a summary judgment. Plaintiffs, on the other hand, take the position that, since they have filed additional affidavits in support of their motion for summary judgment, defendant, in order to create some issue of fact, likewise then has the burden of filing, in addition to his verified answer, some evidentiary matters which would raise an issue of some material fact.

■ Although no attack had been made on the sufficiency of the defendant's sworn denial, it occurs to us that the same satisfies the requirements of verified pleas under Rules 93 and 185, Texas Rules of Civil Procedure. Towne Indus. Equipment Co. v. Marmosaic, Inc., Tex.Civ.App., 358 S.W. 2d 755; Basse Truck Line, Inc. v. Strickland Transp. Co., Tex.Civ.App., 359 S.W.2d 477.

■ As we construe the cases that have dealt with the combination use of both Rules 185 and 166-A, T.R.C.P., we have concluded that suits on verified accounts are in the nature of special proceedings, having been specially provided for by Rule 185. Since this suit was brought under the provisions of that rule, we are satisfied that Rule 185, T.R.C.P., as amended, is the rule which governs suits upon verified accounts. Berning, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570. Such being the case, we have concluded that plaintiffs were not entitled to a summary judgment under the provisions of Rule 166-A, T.R.C.P. We deem the following quotation from Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235, no writ hist., as being illustrative of the rule to be applied here:

"But aside from these considerations, appellee's right to summary judgment is not sustainable in face of the Burtis sworn denial of account. A counterpart of Rule 166-A, Summary Judgment, is Rule 185 for speedy ascertainment of fact issues in a suit on sworn account; it providing that in absence of an affidavit of denial, the opposing party 'shall not be permitted to deny the account.' Conversely, an affidavit by a defendant denying the justice of a sworn account has the effect of neutralizing the affidavit thereto made by the plaintiff. 'Upon filing of the denial the plaintiff's account stands as though it had not been verified; its character as prima facie evidence is destroyed, and the burden rests upon the plaintiff to prove his case as at common law.'

1 Tex.Jur., p. 354; Continental Lumber & Tie Co. v. Miller, Tex.Civ.App., 145 S.W. 735. So, in the case at bar, defendant's sworn denial has placed in issue the correctness of all items constituting the account in suit. Genuine issues of fact being apparent in the record, the provisions of Rule 166-A obviously do not apply."

The decision in the Burtis case was followed in Basse Truck Line, Inc. v. Strickland Transp. Co., supra; Opryshek v. McKesson & Robbins, Inc., Tex.Civ.App., 367 S.W.2d 357; Jones v. Eames, Tex.Civ.App., 369 S.W.2d 524. Since the record discloses material issues of fact, it is our opinion that the summary judgment in this case was improperly granted.

Our conclusion reached on the matter of the summary judgment in the main case, renders unnecessary a discussion on appellants' first point, assailing the award of the $575.00 attorney fees under Article 2226, Vernon's Ann.Tex.St.

For the reasons set forth, the judgment is reversed and the cause is remanded.