**GENERAL LEASING COMPANY,**
**Appellant,**

v.

**SAXON BUSINESS PRODUCTS,**
**INC., Appellee.**

No. 4860.

Court of Civil Appeals of Texas,
Eastland.

Feb. 12, 1976.

John B. Lederer, Schroeder, Guest & Hoffmeyer, Dallas, for appellant.

Ronald Z. Aland, Dallas, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Fort Worth, for appellee.

McCLOUD, Chief Justice.

Saxon Business Products, Inc., sued General Leasing Company, a corporation, on a verified account for certain goods, wares and merchandise allegedly sold and delivered to defendant by plaintiff. Defendant failed to file an answer and default judgment was rendered for plaintiff. Defendant appeals by writ of error. We affirm.

Defendant contends that since the statement and invoice attached to plaintiff's petition consists only of numbers and unintelligible letters they will not support a default judgment. We agree that the goods are not described with reasonable certainty and the account on its face, standing alone, would not support a default judgment against a direct attack by writ of error. *Hassler v. Texas Gypsum Company, Inc.*, 525 S.W.2d 53 (Tex.Civ.App., Dallas 1975, no writ); *Benthall v. Goodwin*, 498 S.W.2d 510 (Tex.Civ.App., El Paso 1973, no writ); *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168 (Tex.Civ.App., Houston (1st Dist.) 1970, no writ).

The judgment, however, in the instant case does not affirmatively disclose that it was rendered only on the plaintiff's petition and the attached exhibits. The judgment recites:

"... all matters of fact, as well as of law, were submitted to the Court, and the Court after having heard the pleadings, the evidence, and arguments of counsel thereon, is of the opinion and finds that Plaintiff's cause of action is liquidated and proven by a verified account, and Plaintiff is entitled to recover judgment against the Defendant for its debt $1,995.00 principal, $133.80 interest, and reasonable statutory attorney's fees, which the Court finds and assesses at the sum of $425.00, or a total of $2,553.80."

When confronted with a similar situation, the court in *Alexander v. Texoma Wholesale Jewelers*, 307 S.W.2d 631 (Tex.Civ. App., Beaumont 1957, writ ref. n. r. e.) said:

"The petition was undoubtedly defective in failing to specify the items of goods, wares or merchandise sold and delivered and the dates of the sales but we think it was not fatally defective. It charged in general terms that plaintiff was suing for $1,601.82 as the balance due on goods, wares and merchandise sold and delivered by plaintiff to defendant, and we think this was sufficient to support the judgment."

The appellant in Alexander argued that the judgment showed on its face it had been rendered on the defective exhibit. The court noted:

"... The judgment, in pertinent part, is as follows: '* * * the court proceeded to call said case, and it appearing that the defendant, Victor Alexander, d/b/a Alexander Jewelry, is in default, the court proceeded to examine and hear the evidence, and it appearing to the court that the defendant is indebted to the Plaintiff in the principal amount of $1,601.82, as evidenced by Plaintiff's verified account, and that the plaintiff is entitled to recover his costs and attorney's fees, and the court being of the opinion that $1,000.00 is a reasonable fee in this case, it is, accordingly, ordered, adjudged and decreed that Plaintiff have judgment against the defendant * * * for $2,601.82 * * *.' "

The court held the defective account would not support the judgment, but it would be presumed, in the absence of a statement of facts, that the trial judge had before him sufficient evidence to support the judgment since the judgment itself did not affirmatively disclose that it was based on the exhibit alone or that no other evidence was heard.

In the instant case, there is no statement of facts or certificate by the trial judge that no evidence was introduced other than the petition and the attached exhibits. The cases relied upon by defendant are distinguishable. In *Benthall* and *Williamsburg Nursing Home, supra*, the transcript contained a certificate of the trial judge that no testimony was heard and no evidence offered other than the itemized verified accounts attached to the petitions. In *Hassler, supra*, the court noted that the plaintiff conceded that the only evidence offered in the trial court was the sworn account, therefore, it could not be presumed the judgment was supported by other evidence.

The judgment in the instant case recites that the court heard evidence. The judg-

ment does not disclose affirmatively that it was based on the exhibits alone or that no other evidence was heard. There is no certificate by the trial judge that no evidence was introduced other than plaintiff's petition and the attached exhibits.

We have considered all points of error and all are overruled. The judgment is affirmed.