**Shearn MOODY, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 7830.**

Court of Civil Appeals of Texas, Beaumont.

June 10, 1976.

Rehearing Denied July 8, 1976.

---

1. All references to rules are to Tex.R.Civ.P.

Frank G. Newman, Dallas, A. R. Schwartz, Galveston, for appellant.

Shannon H. Ratliff, John L. Hill, Atty. Gen., John W. Odams, Jr., Executive Asst. Atty. Gen., Austin, for appellee.

DIES, Chief Justice.

In 1963, appellant Shearn Moody, Jr., transferred and assigned to Empire Life Insurance Company, an Alabama company, an undivided two-fifths interest of his undivided one-eighth life interest in the income from a trust created by Libbie Shearn Moody. He received therefor a debenture in the amount of $221,000. Empire became insolvent, and in June 1972 the Circuit Court for the Tenth Judicial Circuit of Alabama placed it in receivership. The domiciliary receiver (John G. Bookout, Commissioner of Insurance of Alabama) was in Alabama since Empire was an Alabama corporation. Because of the trust above alluded to, an ancillary receivership was instituted in Texas.

A reinsurance agreement (termed in Alabama "Protective Treaty") was effected wherein the Empire receiver agreed to transfer to Protective Life Insurance Company of America (Birmingham, Alabama) all of Empire's assets (except $2,000,000 retained for expenses) including the trust assignment. Thereafter, appellant Shearn Moody, Jr., as plaintiff sought declaratory relief that Empire had no right to transfer or assign the trust to Protective under the treaty or reinsurance agreement. His contention was rejected. *Moody v. Moody National Bank of Galveston,* 522 S.W.2d 710 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

The Protective treaty or reinsurance agreement, which was approved by the courts, placed a limited moratorium on the payment of cash values under the Empire policies at thirty-five percent, meaning the

policyholders could initially withdraw only sixty-five percent of the cash values built up under their policies. Thereafter the receiver, the Texas ancillary receiver, and Protective in an agreement entitled "Agreement to Effectuate Treaty of Assumption and Bulk Reinsurance" agreed to increase the moratorium by fifteen percent. This agreement has not been approved by the Texas court. The case we review is a contention by Shearn Moody, Jr., that the failure to obtain court approval of this last agreement (the fifteen percent increase) makes it invalid. The trial court granted Empire's ancillary receiver a summary judgment, from which Moody perfects this appeal.

■ Under the Texas Insurance Code, the same rights, duties, and liabilities apply to an ancillary receiver as well as a domiciliary receiver. Tex.Ins.Code Ann. art. 21.28, § 13 (1963).

■ Sec. 2(e) of Tex.Ins.Code Ann. art. 21.28 (1963) directs the receiver to conduct the business of the company "subject to the direction of the court." We believe that the fifteen percent moratorium increase is not perfunctory and should be approved by the Travis County District Court. However, it is undisputed that appellant is not a policyholder of Empire. We find no pleadings or proof that he is a stockholder. Therefore, we hold he has no standing in court to make this contention and affirm the summary judgment. For a person to maintain an action in court, it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. See authorities in 44 Tex.Jur.2d *Parties* § 7 at 145 (1963). See also *Dean v. Maxwell,* 173 S.W.2d 246 (Tex.Civ.App.—Eastland 1943, no writ).

AFFIRMED.

STEPHENSON, J., not participating.