**KING TITLE COMPANY, INC.,**
Appellant,

v.

**Leland CROFT et ux., Appellees.**

**No. 6659.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 15, 1978.

Gloria T. Svanas, Odessa, for appellant.

Joseph Connally, Bill W. McCoy, Odessa, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a suit on a sworn account for labor and materials furnished. The issue on appeal is submission of proper issues for the defense of failure of consideration. Following trial by a jury, a take nothing judgment was entered. We reverse and remand.

Referring to the parties as they appeared in the trial Court, Appellant as Plaintiff filed suit on an account for labor and materials furnished in laying new flooring in two rooms of the Defendants' home. Defendants filed a sworn denial of the account, and also pled the affirmative defense of failure of consideration, claiming poor workmanship in laying the flooring. The parties stipulated that the contract price agreed upon was $1,899.00, that Defendants had paid $1,000.00, and that the balance due was $899.00. There was ample evidence to support the submission of an issue or issues as to poor workmanship. The Court submitted a single issue as follows:

"What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence the Plaintiff is entitled to recover from the Defendants?

"Answer in dollars and cents or none as the case may be."

The jury answered "none" to the issue. ▮ Under Rule 94, Tex.R.Civ.P., failure of consideration is an affirmative defense. The burden of proof as to such issue was on the Defendants. *Gieb v. Goebel*

*Brewing Co.*, 176 S.W.2d 975 (Tex.Civ.App. —Fort Worth 1943, writ ref'd w. o. m.); *New Trends, Inc. v. Stafford-Lowdon Company*, 537 S.W.2d 778 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). To present the issue of failure of consideration, it was the duty of the Defendants to present proper issue or issues to secure findings on them. Rule 279, Tex.R.Civ.P., reads in part:

"* * * * Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; *provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party. * * * *"* (Emphasis added).

The Plaintiff complied with this Rule by objecting to the omission from the charge of an issue on failure of consideration, and Plaintiff went further and requested special issues as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that King Tile Company, Inc. failed to use good workmanship in laying the floor in question?

"Answer 'Yes' or 'No'.

\* \* \* \* \* \*

"If you have answered Special Issue No. 1 'Yes' and only in that event, then answer Special Issue No. 2.

"SPECIAL ISSUE NO. 2.

"What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the Defendant for the failure of the Plaintiff to use good workmanship in laying the floor in question, if you have so found?

"Answer in dollars and cents, if any, or none as the case may be."

As indicated, the trial Court refused to submit these issues and submitted the single issue above.

▮ When the Court submits the case upon special issues, it must submit the controlling issues made by the written plead-

ings and the evidence. *Home Savings Association of Dallas County v. Crow*, 514 S.W.2d 160 (Tex.Civ.App.—Dallas 1974), aff'd, 522 S.W.2d 457 (Tex.1975); Rule 277, Tex.R.Civ.P. That was not done in this case.

The judgment is reversed and the case is remanded to the trial Court for another trial.

OSBORN, J., not sitting.