**Fred RIZK, Petitioner,**

v.

**FINANCIAL GUARDIAN INSURANCE AGENCY, INC., Respondent.**

No. B–8225.

Supreme Court of Texas.

July 18, 1979.

Day & Elliott, Richard Elliott, Dallas, for petitioner.

Ronald G. Wiesenthal, Houston, for respondent.

BARROW, Justice.

This is an appeal from a summary judgment granted respondent on the pleadings in its suit on a sworn account to recover insurance premiums allegedly owed by petitioner and three other individuals d/b/a Sheraton-Safari Inn. The court of civil appeals affirmed. 576 S.W.2d 110. The principal question presented here is the sufficiency of the verified answer filed by Rizk. We reverse the judgments of the lower courts and remand the cause to the trial court.

The petition filed herein by respondent contains an affidavit that meets the requirements of Rule 185, Tex.R.Civ.Pro.[1] Rule 93(k), Tex.R.Civ.Pro. makes a similar requirement. In response to this petition, Rizk filed an amended answer which stated:

"1.

Defendant denies each and every, all and singular the material allegations con-

---

1. Rule 185 provides:

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, *unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true;* provided, that when such counteraffidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be." (Emphasis added.)

tained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence as required by law.

"2.

Each and every item in Plaintiff's account attached to the Original Petition as Exhibit "A" is not just or true in whole or in part. Defendant did not request Plaintiff to furnish the items listed therein or agree or promise to pay plaintiff for the charges shown therein.

"3.

Defendant asserts his affirmative defense of failure of consideration.

"4.

Plaintiff's cause of action on its account, or a part thereof, is barred by the applicable two year statute of limitations, and accordingly should be dismissed.

"5.

Defendant denies Plaintiff is entitled to recover any attorney's fees in this cause, and furthermore denies that $4,000.00 is a reasonable attorney's fee."

This answer was supported by the affidavit of Rizk that "the facts and statements contained therein are true and correct of his own personal knowledge."

The court of civil appeals concluded that the verified denial contained in Paragraph 2 of Rizk's amended answer meets the requirements of Rule 185 as a denial of the whole of the account. It held, however, that this denial was destroyed by subsequent allegations of the answer wherein inconsistent or alternative defenses were alleged. Since a verification must be positive and unequivocal to be effective, the court of civil appeals concluded that Rizk's answer was inconsistent and, therefore, did not destroy the evidentiary effect of respondent's verified petition.

■ Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (1958). In the absence of a sworn denial meeting the requirements of the rule, the account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges although he may defend on other grounds. 2 R. McDonald, Texas Civil Practice § 7.31 (rev. 1970). Most courts have been very exacting in the nature of the language used in sworn denials of a verified account. *See Aztec Pipe & Supply Co. v. Sundance Oil Co.*, 568 S.W.2d 401 (Tex.Civ. App.—Houston [1st Dist.], *writ ref'd n. r. e. per curiam*, 576 S.W.2d 780 (Tex.1978); *P. T. Poultry Growers v. Darr Equipment Co.*, 537 S.W.2d 773 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.); *Oliver Bass Lbr. Co. v. Kay & Herring Butane G. Co.*, 524 S.W.2d 600 (Tex.Civ.App.—Tyler 1975, no writ); *Youngblood v. Central Soya Company, Inc.*, 522 S.W.2d 277 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *Cf. American Home Fence Co. v. Himes*, 374 S.W.2d 777 (Tex.Civ.App.—Tyler, *writ ref'd n. r. e. per curiam*, 379 S.W.2d 290 (Tex.1964); *Jones v. Houston Materials Company*, 477 S.W.2d 694 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

■ It is settled, however, that a defendant's verified denial of the correctness of a plaintiff's sworn account in the form required by Rule 185 destroys the evidentiary effect of the itemized account attached to the petition and forces the plaintiff to put on proof of his claim. *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941); *Cal-Tex Beef Processors, Inc. v. Frozen Food Exp.*, 530 S.W.2d 143 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); *Charlie Thomas Courtesy Ford, Inc. v. Sid Murray Agency*, 517 S.W.2d 869 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Davis Bumper To Bumper, Inc. v. American Petrofina Co.*, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Burrus Mills, Inc. v. Hein*, 399 S.W.2d 950 (Tex.Civ. App.—Houston 1966, writ ref'd n. r. e.);

*Jones v. Eames,* 369 S.W.2d 524 (Tex.Civ. App.—Eastland 1963, no writ).

We agree with the holding of the court of civil appeals that Rizk's verified answer that each and every item in respondent's account "is not just or true in whole or in part" was a denial of the whole account within the purview of Rule 185. However, we do not agree that this verified denial was nullified or destroyed by the other parts of Rizk's answer.

We do not see any inconsistency in the denial of the whole account in the form required by Rule 185 and the remainder of Rizk's answer which would nullify the statements in his affidavit. It is apparent that the account would not be true and correct as to Rizk if he had not ordered or agreed to pay for the items listed in the account attached to respondent's petition. In this connection it is interesting to note that in respondent's motion to sever the case as to Rizk from that of the other defendants, it was alleged that issues remained as to the existence of a partnership. Rizk's affirmative defenses of failure of consideration and statute of limitations are clearly not inconsistent with his verified denial in the form required by Rule 185. These affirmative defenses could be raised even in the absence of a verified denial under Rule 185. *King Title Co., Inc. v. Croft,* 562 S.W.2d 536 (Tex.Civ.App.—El Paso 1978, no writ); *P. T. Poultry Growers v. Darr Equipment Co., supra; First National Bank of San Angelo v. Sheffield,* 475 S.W.2d 820 (Tex.Civ.App.—Austin 1972, no writ); *Jorrie Furniture Company v. Rohm,* 442 S.W.2d 476 (Tex.Civ.App.—San Antonio 1969, no writ). There is no valid reason why alternative pleadings may not be had in a suit on a sworn account within the restraints necessarily imposed by the required affidavit.

We conclude that the lower courts erred in holding that respondent was entitled to a summary judgment on its verified pleading. The verified denial by Rizk in the form required by Rule 185 destroyed the evidentiary effect of the itemized account attached to respondent's petition. There was no summary judgment evidence offered by respondent in proof of this account. Since the judgment must be set aside and the cause remanded for a new trial, it is unnecessary to consider Rizk's point complaining of the award of attorney's fees.

The judgments of the lower courts are reversed and the cause is remanded to the trial court.