**Harold COON, d/b/a H.A.R. Company, Appellant,**

v.

**PETTIJOHN & PETTIJOHN PLUMBING, INC., Appellee.**

No. 18174.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 20, 1979.

Bishop, Larimore, Lamsens & Brown and Thomas J. Williams, Fort Worth, for appellant.

Walker, Lively & Clarke and John R. Lively, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

By writ of error an account debtor appeals a default judgment rendered against him in a suit on a sworn account. The debtor complains there is insufficient evidence supporting the judgment because no record was made of the hearing and the itemization of the account was insufficient.

We reverse and remand.

Pettijohn & Pettijohn Plumbing, Inc., hereinafter referred to as Pettijohn, sued Harold Coon, d/b/a H.A.R. Company, hereinafter referred to as Coon, on a sworn account. Coon failed to answer or appear at trial and Pettijohn was granted a default judgment based on it's pleadings. No statement of facts is available because no record was made of the default judgment hearing.

Coon contends the sworn account is deficient because it was insufficiently itemized. On the sufficiency of evidence, Coon claims since no statement of facts is available, there is no evidence on which the judgment can be based other than the allegedly insufficient sworn account and pleadings. Upon testing these allegations, we find remand to be our proper order.

■ We address the first point of error. Pettijohn made no allegation of a general contractual debt, and thus was limited by its pleadings to recovery under a sworn account pursuant to Tex.R.Civ.P. 185, "Suit on Sworn Account." By decisions under that rule it has been held that the person alleging a sworn account must show with reasonable certainty the nature of each item in the account, the date of the transaction and the charge for that transaction or item. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168 (Tex.Civ. App.—Houston [1st Dist.] 1970, no writ); *Biscamp v. Zeno Carpet Company*, 473 S.W.2d 218 (Tex.Civ.App.—Beaumont 1971, no writ).

■ These requirements are not fully met in this case. The sworn account on which Pettijohn bases its claim does not describe with "reasonable certainty" the nature of various items in the account. A number of itemizations in the statement read as follows:

| | | |
|---|---|---|
| "3/30/76 | Bid | 3420.00 |
| "3/30/76 | Amount due rough in | 1140.00 |
| "4/27/76 | Amount due top out | 1140.00" |

While these terms may have some specialized meaning between the parties or within the plumbing trade, they do not sufficiently identify the nature and the extent of a series of transactions which are the basis of the sworn account. They state neither a charge for material furnished nor labor performed.

Concerning the specificity by which Rule 185 is to be satisfied, courts have refused to uphold a sworn account based only on invoice numbers, date and amount of dollar charge. *Wallis v. McGuffey*, 392 S.W.2d 802 (Tex.Civ.App.—Dallas 1965, no writ); *Nichols v. Murray*, 284 S.W. 301 (Tex.Civ. App.—El Paso 1926, no writ).

Even in an instance where a statement of facts had been made, the court refused to guess at the meaning of the entire sworn account where only one of a number of entries in the account appeared to have a clear meaning. *Benthall v. Goodwin*, 498 S.W.2d 510 (Tex.Civ.App.—El Paso 1973, no writ).

A description of an item as "merchandise" followed by an invoice number relating to that "merchandise" has been held to be insufficient. "[G]eneral statements contained in affidavits such as 'merchandise', followed by listing of invoice numbers, or giving the dates and figures without de-

scription of the various items, is insufficient to comply with Rule 185, T.R.C.P." *Wallis v. McGuffey*, 392 S.W.2d 802, 804.

Any attempt to attach meaning to "bid", "amount due rough in" and "amount due top out" is impossible without resorting to conjecture. We conclude that the sworn account on which Pettijohn bases its claim is insufficient to establish its right to recover by Rule 185.

■ While in the case of a default there is a general presumption that there is evidence to support the judgment, this rule is not applicable under the facts in this case. The rule to be applied here states that where the only evidence in a case was a sworn account and no statement of facts was available, an appellate court cannot assume that the judgment is supported by the evidence if there is insufficiency in the sworn account which is the basis of the plaintiff's claim. *Hassler v. Texas Gypsum Company, Inc.*, 525 S.W.2d 53 (Tex.Civ.App. —Dallas 1975, no writ); *Benthall v. Goodwin*, 498 S.W.2d 510.

■ Texas courts have also held that where a sworn account is insufficient under Tex.R.Civ.P. 185, it will not support a default judgment. *U. S. Insulation Sales Corp. v. Jones-Blair Co.*, 491 S.W.2d 226 (Tex.Civ.App.—Dallas 1973, no writ); *Hancock v. O. K. Rental Equipment Company*, 441 S.W.2d 995 (Tex.Civ.App.—San Antonio 1969, no writ); *Hassler v. Texas Gypsum Co.*, 525 S.W.2d 53; *Big K Furniture Com-*

*pany, Inc. v. Covey Company*, 511 S.W.2d 329 (Tex.Civ.App.—Austin 1974, no writ).

Thus, where a sworn account is insufficient to support a default judgment and where no other cause of action is plead, the only remedy is to reverse the default judgment and remand for a new trial. *Big K Furniture Company, Inc. v. Covey Company*, 511 S.W.2d 329; *Benthall v. Goodwin*, 498 S.W.2d 510.

In the case before us there is no evidence, or in any event an insufficiency of evidence, to support the default judgment, and there are no permissible presumptions that there was evidence to support the judgment. The pleadings are not in a condition to support a judgment by default without the aid of evidence. Accordingly, the judgment must be reversed and the case remanded for a new trial.

We do not reach Pettijohn's second point of error concerning the award of attorney's fees. As the judgment on which those fees were based is to be reversed, the judgment awarding attorney's fees must also be reversed. Resolution of the fee issue is to be decided in a new trial.

Reversed and remanded.