**Barbara COOK, Appellant,**

v.

**GOODYEAR SERVICE STORES,
Appellee.**

**No. C2775.**

Court of Appeals of Texas, Houston
(14th Dist.).

Nov. 12, 1981.

John S. Brukner, Houston, for appellant.

Richard L. Abrams, Houston, for appellee.

Before MILLER, MORSE and PRICE, JJ.

MORSE, Justice.

Appellant, Barbara Cook, has filed a writ of error appealing from a default judgment rendered by the trial court in favor of Appellee, Goodyear Service Stores No. 4228. We affirm the trial court.

Appellee filed a petition alleging a written agreement for the purchase and sale of certain described goods to appellant, asserting a sworn account and requesting attorney fees and the foreclosure of a security interest in the merchandise purchased on account. Attached to the petition are a "Revolving Charge Account and Purchase Money Security Agreement" signed by appellant and copies of two invoices. Upon failure of appellant to answer or appear, the trial court entered a default judgment in favor of appellee.

Appellant comes before this court with a single point of error. She contends that the

trial court erred in granting the default judgment based upon the sworn account, because the account in appellee's pleadings is not adequately stated to constitute prima facie evidence under Tex.R.Civ.P. 185.

Texas cases interpreting Rule 185, "Suit on Sworn Account", have consistently held that a person alleging a sworn account must show with reasonable certainty the nature of each item in the account, the date of the transaction and the charge for each transaction or item. *Coon v. Pettijohn & Pettijohn Plumbing, Inc.*, 587 S.W.2d 551 (Tex.Civ.App.—Fort Worth 1979, no writ); *Sherman v. Philips Industries, Inc.*, 560 S.W.2d 154 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

These requirements were not fully met in appellee's petition. The sworn account upon which appellee based his suit does not show with reasonable certainty either the nature of each item in the account or the date of each transaction. Therefore, appellant is correct in asserting that the defective sworn account, standing alone, is not sufficient to support a default judgment. *Big K Furniture Co., Inc. v. Covey Co.*, 511 S.W.2d 329 (Tex.Civ.App.—Austin 1974, no writ); *Coon v. Pettijohn & Pettijohn Plumbing, Inc., supra.*

The judgment in this case, however, does not rely solely upon the defective sworn account. The judgment recites that the court heard evidence; it states:

> ... all matters of fact as well as of law were submitted to the Court, and the Court having heard and considered the pleadings, evidence and argument of counsel and understanding same, is of the opinion and finds that the Plaintiff's cause of action is liquidated and proved, that the Plaintiff is entitled to Judgment against the said Defendant for the amount of the debt and costs of suit, as prayed for in Plaintiff's pleadings, ...

No statement of facts or bill of exception has been brought forward. Neither is there any stipulation or any certificate by the trial judge that no evidence was introduced other than the petition and the attached exhibits. The judgment does not itself affirmatively disclose that it was based on the exhibits above or that no other evidence was heard by the trial court. Therefore, we must presume that the trial judge had before him sufficient evidence to support his fact findings as to the debt and the entry of the judgment. *General Leasing Co. v. Saxon Business Products, Inc.*, 533 S.W.2d 870 (Tex.Civ.App.—Eastland 1976, no writ); *Alexander v. Texoma Wholesale Jewelers*, 307 S.W.2d 631 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.).

Appellant's point of error is overruled and the judgment of the trial court is affirmed.