**Joe E. BRUNSON, Appellant,**

v.

**PITTMAN & HARRIS, Appellee.**

**No. 2–81–050–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 30, 1982.

George S. Lemon, Jr., Winnsboro, for appellant.

Scott Keeshin, Grapevine, for appellee.

Before MASSEY, C.J., and HUGHES and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

The partnership of Pittman & Harris sued Joe E. Brunson and Air-Tex Freight Systems, Inc., (Air-Tex), a corporation, jointly and severally on a sworn account for personal services rendered by plaintiff to defendants. Air-Tex filed a plea of privilege and an original answer. Following hearing on a controverting plea by plaintiff, the trial court denied the plea of privilege by Air-Tex. Brunson failed to file any answer in the trial court. Thereafter, plaintiff took a non-suit against Air-Tex and proceeded against Brunson. The trial court rendered a default judgment against Brunson and in favor of plaintiff, from which Brunson appeals by writ of error.

We affirm.

Appellant, Brunson, contends by three points of error that the trial court's judgment is void because it is apparent on the face of the record that: 1) the judgment on the sworn account against appellant is not supported by proper pleadings, in that the judgment is based merely on a purported account with Air-Tex; 2) the alleged sworn account is insufficient as a sworn account because it is not set out with clarity and specificity, and merely states one lump sum for all work allegedly done; and 3) the citation to appellant is defective under Tex. R.Civ.P. 99 and 101 in failing to designate appellant as the defendant. We reject each of appellant's contentions.

Initially, appellant maintains that the appellee's account refers only to services performed for Air-Tex and is completely devoid of any reference to appellant. Therefore, appellant stresses that the default judgment against him cannot be supported by the account, which completely fails to show an obligation by him to Pittman & Harris. Secondly, appellant urges that, assuming arguendo, the existence of such an obligation, the account is nevertheless insufficient as a sworn account according to

the cases that interpret Tex.R.Civ.P. 185. "A sworn account under Rule 185 must show with reasonable certainty the nature of each item, the date and the charge therefor." *Hassler v. Texas Gypsum Company, Inc.,* 525 S.W.2d 53, 55 (Tex.Civ.App.—Dallas 1975, no writ); *Coon v. Pettijohn & Pettijohn Plumbing, Inc.,* 587 S.W.2d 551 (Tex.Civ.App.—Fort Worth 1979, no writ).

■ The gist of appellant's first two points of error is that the pleadings, and the sworn account incorporated therein, are insufficient to support the default judgment. Appellant premises this argument on the contention that the default judgment was based *solely* on the pleadings and the sworn account.

We agree with appellant that the account standing alone is insufficient to: 1) reflect an obligation of appellant to the plaintiff; and 2) set forth with clarity and specificity the corresponding charge for each particular service listed in the account. However, the linchpin of appellant's position, i.e., that the default judgment was based solely upon the sworn account, is fallacious. The judgment of the trial court states in part:

The Court has read the pleadings and papers on file, and is of the opinion that the allegations of Plaintiff's petitions have been admitted and that the cause of action is liquidated and proved by an instrument in writing, *and after having considered the evidence* the Court is of the opinion that judgment should be rendered for Plaintiff against Defendant Joe E. Brunson ...

(Emphasis added)

In the instant case, there is no statement of facts or a certificate by the trial judge that no evidence was introduced other than plaintiff's petition and the sworn account. Thus we must presume that the trial judge had sufficient evidence before him to support his fact findings as to appellant's personal obligation on the debt, the amount of the debt, and the rendition of the judgment thereon. *Cook v. Goodyear Service Stores,* 624 S.W.2d 761 (Tex.App.—Houston 1981 [14th Dist.], no writ); *General Leasing Co. v. Saxon Business Products,* 533 S.W.2d 870

(Tex.Civ.App.—Eastland 1976, no writ); *Alexander v. Texoma Wholesale Jewelers*, 307 S.W.2d 631 (Tex.Civ.App.—Beaumont 1957, writ ref'd n.r.e.). We overrule points of error one and two.

■ Appellant's final point of error stresses that the citation he received at the commencement of the lawsuit was defective in that it designated him not as the "defendant", but as "respondent". Appellant states in his brief that the citation issued him was "inadvertently left out of the transcript" and indeed the record before us does not contain the citation. However, appellant admits in his brief that the citation required him to answer appellee's petition which named him as defendant. Since appellant's only contention is that pertaining to the nomenclature of "respondent" rather than "defendant" we fail to find the citation defective. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.