**SOUTH TEXAS AGGREGATES, INC. and Coastal Uranium, Inc., Appellants,**

v.

**Edward M. PENDELL, Appellee.**

**No. 84–04–00059–CV.**

Court of Appeals of Texas, San Antonio.

May 31, 1985.

Rehearing Denied July 19, 1985.

---

Watt Murrah, Castroville, Bernard W. Schrader, Houston, for appellants.

William E. Hooks, Jr., Huson Law Firm, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

TIJERINA, Justice.

This appeal involves a suit on a sworn account filed by appellee Edward M. Pendell in his individual capacity. Trial before the court, without jury, resulted in judgment for appellee for $9,891.31 plus attorney's fees, interest and costs. Appellants' motion for a new trial was denied and they appeal.

The record evidence shows that appellee delivered certain minerals to appellants' mill in Knippa, Uvalde County, pursuant to an alleged agreement, and did not receive full payment. Appellant South Texas Aggregates, Inc. filed a sworn denial of part of the account, saying that there was no agreement to purchase and that only part of the minerals were delivered. All of the transactions were negotiated by Edward M. Pendell in his individual capacity. Appellee, in his testimony before the trial court, admitted that the true owner of the minerals sold to appellants was Pendell-Harper International Trade Company, a partnership.

Appellants contend that the motion for a new trial was erroneously denied because the account was owned by the partnership, which was not a party to the lawsuit, and that appellee failed to prove that he was the owner of the account. Appellant South Texas Aggregates' sworn denial places the burden on appellee to prove the validity of his claim by a preponderance of the evidence. "[The] affidavit of denial destroys the character of the account as prima facie evidence and places in issue the correctness of all items constituting the account and the existence of any indebtedness based thereon." *Jones v. Eames,* 369 S.W.2d 524, 526 (Tex.Civ.App.—Eastland 1963, no writ). Proof of the correctness of all items constituting the account includes proof that appellee is the owner of the account at issue. *Cf. Vance d/b/a Vanguard Production v. Holloway,* 689 S.W.2d 403 (Tex.1985).

It was established that appellee was not the owner of the sworn account; rather, the account was owned by the partnership, which is not a party to this suit. The party filing the lawsuit as plaintiff is required to have a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. *Moody v. State*, 539 S.W.2d 354, 356 (Tex. Civ.App.—Beaumont 1976, writ ref'd n.r. e.). Appellee argues that his partner in Pendell-Harper is a dormant partner and, therefore, is not a necessary party to a suit concerning partnership property, citing *Miller v. White*, 112 S.W.2d 487, 489 (Tex. Civ.App.—Austin 1937, writ dism'd). Appellee further contends that appellee is the only necessary party because the contract and the invoices are in his name only, and he received partial payment on the account. The prevailing rule, however, mandates that where an individual brings suit to enforce a partnership right, the suit should be in the name of all the partners. The purpose of this rule is to protect third parties from the possibility of multiple suits. *Spiritas v. Robinowitz*, 544 S.W.2d 710, 714–15 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). Because appellants were without notice that the partnership owned the account, they could not assert their defenses or counterclaims, if any, against the partnership. Points of error one and two are sustained as to appellant South Texas Aggregates, Inc. only.

The record reflects that Coastal Uranium, Inc. did not file a sworn denial. Where a defendant does not deny under oath the existence or correctness of a sworn account, that account is received as prima facie evidence against that defendant, and the receipt of materials, services, or the correctness of the alleged charges may not be disputed. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979); *Vance d/b/a Vanguard Production v. Holloway, supra*.

The judgment against Coastal Uranium is affirmed. The judgment against South Texas Aggregates, Inc. is reversed and rendered.