

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00385-CV

———————————————

CAPITAL CITY SECURITY, LLC; ALFONSO VALENCIANO; AND LORENA VALENCIANO, Appellants

V.

PRO-VISION SOLUTIONS, LLC, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2025-00067

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

This is an appeal from a no-answer default judgment awarding Pro-Vision Solutions, LLC (Appellee) damages for breach of contract, interest, and attorney's fees. We will affirm the judgment of the trial court.

## I.     Background

On January 3, 2025, Appellee filed its Original Petition (petition) against Capital City Security, LLC; Alfonso Valenciano; and Lorena Valenciano (collectively Appellants). In its petition, Appellee claimed that it and Capital City had entered into two separate service contracts "in order to receive a subscription related to [Appellee's] security software and accompanying devices." Appellee claimed that it provided Capital City with the agreed-upon subscription and accompanying devices "valued at $51,925.68." Appellee asserted that Capital City's account had not been paid and remained delinquent at the time of filing suit.

Appellee further claimed that Alfonso and Lorena were individually liable under Texas Tax Code Sections 171.252 and 171.255. *See* Tex. Tax Code Ann. §§ 171.252, 171.255. Appellee alleged that Alfonso and Lorena were members of Capital City and, because of delinquency in filing a franchise tax report and paying a franchise tax payment, Capital City forfeited its charter on February 28, 2020.

Appellee pled "a cause of action" against Appellants for suit on sworn account pursuant to Texas Rule Civil Procedure 185. "Additionally, and/or in the alternative," Appellee pled "a cause of action" for breach of contract.

Appellee attached two service contracts, a sales order, and an invoice to its petition. No affidavit was attached to the petition. None of Appellants filed answers with the trial court.

On June 18, 2025, the trial court signed a document entitled "Default Judgment" that recited that it appeared to the trial court that Appellee's "cause of action is liquidated and proven by an open account[.]" The "Default Judgment" further recited that Appellee is "entitled to recover judgment against the Defendants for the principal debt of $51,925.68, plus interest in the amount of $28,039.87, for a total of $79,965.55, and attorney's fees in the amount of $5,500.00[.]" The "Default Judgment" actually decreed judgment against the Defendants in the amount of $79,965.55 plus attorney's fees of $5,500 plus interests and costs. Appellants did not file a motion for new trial. This appeal ensued.

## II.    Standards of Review and Applicable Legal Principles

Without filing a motion for new trial, Appellants timely filed their Notice of Appeal, assisted by this court's order extending their deadline. *See* Tex. R. App. P. 26.3. Having not filed a motion for new trial, they are required to meet the standard of review applicable to a restricted appeal, formerly known as a writ of error.[1] *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 355 (Tex. App.—Dallas 1999, pet. denied); *Allied Bank of*

---

[1]Restricted appeals replaced writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals. Tex. R. App. P. 30.

3

*Dall. v. Pleasant Homes, Inc.*, 757 S.W.2d 460, 463 (Tex. App.—Dallas 1988) *writ denied*, 776 S.W.2d 153 (Tex. 1989). The appellant in a restricted appeal from a no-answer default judgment must establish that

> (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record.[2]

*Dr. Mylissa's Med. Boutique LLC*, 2025 WL 3119021, at *2; *see also Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 n.5 (Tex. 2004).

By failing to answer, a defendant admits all factual allegations in the plaintiff's petition except unliquidated damages. *Morgan v. Compugraphic Co.*, 675 S.W.2d 729, 731 (Tex. 1984); *Dr. Mylissa's Med. Boutique LLC*, 2025 WL 3119021, at *2. Because a non-answering defendant admits all factual allegations in the plaintiff's petition regarding liability, the defendant's liability in a no-answer default case is conclusively established as long as the facts alleged in the petition support a cause of action. *Morgan*, 675 S.W.2d at 731; *Dr. Mylissa's Med. Boutique LLC*, 2025 WL 3119021, at *2.

---

[2]Appellants acknowledge this standard of review in their Brief by contending that error exists on the face of the record. The only portion of this standard in dispute in this case is whether error exists on the face of the record. The "face of the record" consists of all the papers on file in the appeal, including the clerk's record and the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Dr. Mylissa's Med. Boutique LLC v. Balboa Cap. Corp.*, No. 02-25-00271-CV, 2025 WL 3119021, at *2 (Tex. App.—Fort Worth Nov. 6, 2025, no. pet.) (mem. op.).

4

Furthermore, when a no-answer default judgment awards liquidated damages proved by an instrument in writing, an appellant is precluded from attacking the sufficiency of the evidence supporting the liquidated-damages award. *Dr. Mylissa's Med. Boutique LLC*, 2025 WL 3119021, at *2.

An evidentiary hearing is not required prior to entry of a default judgment because, when a default judgment is entered on a liquidated claim, "the rules of . . . procedure contemplate that the plaintiff be awarded the damages without the necessity of a hearing or the presentation of evidence." *Id.* (quoting *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.)).

The court of appeals determines de novo as a matter of law whether the pleadings in a case are sufficient to constitute a suit on a sworn account. *Nanchary v. HH Law Firm, PC*, No. 05-24-00650-CV, 2025 WL 2606628, at *5 (Tex. App.—Dallas Sept. 8, 2025, no pet.) (mem. op.). Appellants challenge the sufficiency of Appellee's petition because it was not sworn or supported by an affidavit as prescribed by Rule 185. A sworn account claim must be supported by the affidavit of the party or the party's agent or attorney "taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." Tex. R. Civ. P. 185; *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 832 (Tex. App.—Dallas 2014, no pet.). If a petition in a suit on a sworn account is not in compliance with Rule 185, then it will not support a default judgment. *Coon v. Pettijohn Plumbing, Inc.*,

587 S.W.2d 551, 553 (Tex. App.—Fort Worth 1979, no writ). If a suit is brought on more than one cause of action and a default judgment is granted without stating the basis for the judgment, then the party challenging the default judgment must challenge each independent ground that would fully support the judgment; failure to do so will result in the judgment being affirmed. *Vortek Aviation LLC v. Krachinski*, No. 01-18-00165-CV, 2019 WL 3331027, at *7 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.); *Collins v. Green*, No. 05-11-00893-CV, 2012 WL 5984797, at *2 (Tex. App.—Dallas Nov. 28, 2012, no pet.) (mem. op.).

The court's "judgment" is not the factual recitations preceding the decretal portion of the judgment, findings of fact, or the trial court's recommendation as to the litigants' future course. *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.); *In re Thompson*, 991 S.W.2d 527, 532 (Tex. App.—Beaumont 1999, orig. proceeding). Rather, the "judgment" is the "solemn sentence of law pronounced by the court on the facts found." *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 49 (Tex. App.—Tyler 2017, no pet.).

### III.  Analysis

Appellants' Issues Presented allege that "[e]rror exists on the face of the record because [Appellee's] pleadings do not comply with Texas Rule of Civil Procedure 185; this Court should therefore reverse the Default Judgment of the trial court and remand this matter to the trial court for further proceedings." Specifically, Appellants allege that

Appellee's petition was deficient for failing to affix a proper affidavit as required by Rule 185.

Appellee's petition pleaded two theories of recovery: a suit on a sworn account and breach of contract arising from the same transaction. The "Default Judgment" provides

> On this day came the Plaintiff and announced ready for trial, but the Defendants, Capital City Security, LLC, Alfonso Valenciano, and Lorena Valenciano, though duly served with Citations in the time and manner prescribed by law, appeared not, but wholly made default. The Citations, with the Officer's return thereon, have been on file with the Clerk of this Court for ten (10) days, exclusive of the day of filing and of this day, and no jury having been demanded, this cause proceeded to trial before the Court on matters of fact as well as of law; *and it appearing to the Court that Plaintiff's cause of action is liquidated and proven by an open account;* and that Plaintiff is entitled to recover judgment against the Defendants for the principal debt of $51,925.68, plus interest in the amount of $28,039.87, for a total of $79,965.55, and attorney's fees in the amount of $5,500.00, which the Court finds to be a reasonable fee.
>
> It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that the Plaintiff, Pro-Vision Solutions, LLC, do have and recover judgment against the Defendants, Capital City Security, LLC, Alfonso Valenciano, and Lorena Valenciano, in the amount of $79,965.55, plus attorney's fees in the amount of $5,500.00, together with interest thereon from this date at the rate of 18% per annum and all costs in this behalf incurred, for all of which let execution issue. [Emphasis added.]

Appellants contend that the court entered judgment only on the sworn account claim, pointing to the italicized language in the "Default Judgment." Thus, they claim, the judgment must be reversed because the petition, not being supported by affidavit, will not support the "Default Judgment." *Coon*, 587 S.W.2d at 553. While we agree that the

7

petition, being unsupported by an affidavit, will not support the Default Judgment on the sworn account, we disagree that the Default Judgment must be reversed.

First, we disagree with Appellants' interpretation of the judgment. The italicized language in the "Default Judgment" that Appellants rely upon is not part of the actual judgment. It is part of the recitals in the "Default Judgment," and the recitals are not part of the actual judgment of the court. *Alcantar*, 47 S.W.3d at 823. The court's judgment is in the decretal section that follows the phrase "It is therefore ordered, adjudged and decreed." *See Redwine*, 535 S.W.3d at 49. The actual judgment language does not specify the basis for the court's judgment. Therefore, we must affirm the judgment because the Appellants do not challenge the alternate theory of recovery— breach of contract—and that theory's deemed factual allegations fully support the judgment. *Vortek Aviation LLC*, 2019 WL 3331027, at *7; *Collins*, 2012 WL 5984797, at *2.

Second, even if we were to consider the italicized language in the "Default Judgment" we would reach the same result. "Liquidated and proven by an open account" is not verbiage unique to an action on a sworn account. A sworn account is a procedural means to expedite recovery in certain qualifying contract actions under Rule 185; it is not an independent cause of action. *See* Tex. R. Civ. P. 185; *see also Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979); *S. Mgmt. Servs., Inc. v. SM*

*Energy Co.*, 398 S.W.3d 350, 353 (Tex. App.—Houston [14th Dist.] 2013, no pet.).[3] So, a liquidated claim may be both a breach of contract claim and a suit on sworn account. *Moore v. McKinney*, 151 S.W.2d 255, 260 (Tex. App.—Dallas 1941, no writ) (op. on reh'g). Such being the case, the italicized language supports Appellee's breach of contract claim alleged in its petition as well as its suit on sworn account. We overrule Appellants' sole issue.

## IV.   Conclusion

Having overruled Appellants' sole issue, we affirm the judgment of the trial court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  March 19, 2026

---

[3]In such cases, a sworn denial forces the plaintiff to put on proof of the claim. *See Rizk*, 584 S.W.2d at 862; *S. Mgmt. Servs.*, 398 S.W.3d at 354. A party who does not file a sworn denial may not dispute either the receipt of the items or services or the correctness of the stated charges. *See Rizk*, 584 S.W.2d at 862; *S. Mgmt. Servs.*, 398 S.W.3d at 354. In other words, when the defendant files a sworn denial, the plaintiff no longer has the benefit of the expedited process of the sworn account and must prove his breach of contract case in the traditional fashion.

9