Bill **FORTINBERRY**, Appellant,

v.

**FREEWAY LUMBER COMPANY,**
Appellee.

No. 15621.

Court of Civil Appeals of Texas, Houston.

May 7, 1970.

T. D. Smith, Fred C. Brigman, Jr., Houston, Brigman, Smith & Newsom, Houston, of counsel, for appellant.

L. J. Clayton, Houston, for appellee.

PEDEN, Justice.

Suit on a sworn account. Appellee, Freeway Lumber Co., brought suit against J. H. Timmons and appellant Bill Fortinberry for $4,006.80 plus interest, attorney's fees and costs for building materials furnished as described in an itemized, verified account made a part of Freeway Lumber's original petition.

In response, Fortinberry filed his first amended original answer, consisting of a general denial plus an affidavit which included this assertion: " * * * that the account set forth in Plaintiff's Original Petition filed in this cause is within the knowledge of said Affiant not just or true in whole or in part." The principal question on this appeal is whether this affidavit is of any effect after Freeway Lumber filed its second amended original petition.

In its amended petition the plaintiff (appellee) complained of the same two defendants and added as a party defendant the partnership of Fortinberry and Timmons; Fortinberry did not file an answer in response to this amended petition.

In both of the plaintiff's petitions $4,006.80 was alleged to be due and owing for materials sold on June 6, 1966 and thereafter.

The account made a part of Freeway Lumber's original petition listed 295 items billed in 45 invoices, showing purchases totalling $9,162.79, less one credit memorandum and payments amounting to $5,155.99, leaving a balance due of $4,006.80.

In Freeway Lumber's amended petition the account consisted of photographic copies of the same 45 invoices listing the same 295 items and the same credit memorandum plus one invoice, bearing number 18207 and dated May 28, 1966 listing goods priced at $564.02; in such amended account, Freeway Lumber inadvertently failed to show the defendants' payments, but the amount alleged in such petition to be due and owing was, as we have noted, still $4,006.80.

When the case was called for a non-jury trial, the attorney for defendant Timmons did not appear. We summarize all the testimony offered in the trial court:

Freeway Lumber's second amended original petition was admitted in evidence over defendant Fortinberry's objection that it was hearsay and that it was not admissible because he had "filed an answer in accordance with the rules requiring them to put on proof in the case."

The attorney for Freeway Lumber then testified as to a reasonable attorney's fee in the case, and both sides rested.

After entering a judgment for the plaintiff for $4,006.80 plus interest, attorney's fees and costs against Timmons and Fortinberry jointly and severally, the trial judge filed the following findings of fact and conclusions of law:

## FINDINGS OF FACT

"1. Plaintiff properly pled action on a sworn account in accordance with the provisions of Rule 185, Texas Rules of Civil Procedure.

"2. Defendant, BILL FORTINBERRY, by Original Answer pled only general denial and attached sworn Affidavit to Answer stating:

### 'AFFIDAVIT'

'THE STATE OF TEXAS S

'COUNTY OF HARRIS S

'BEFORE ME, the undersigned authority, on this day personally appeared BILL FORTENBERRY, being by me first duly sworn on oath says that he is duly qualified and authorized to make this Affidavit and is fully cognizant of the facts herein set out; that the account set forth in "Exhibit A" of Plaintiff's Original Petition filed in this cause is within the knowledge of said Affiant not just or true in whole or in part.'

/s/ Bill Fortenberry

'Sworn to and subscribed before me, the undersigned authority on this first day of August, 1967.'

/s/ Mary Lee Redden
Notary Public in and for
Harris County, Texas

"3. Plaintiff went to trial on 'Plaintiff's Second Amended Original Petition and introduced sworn account in trial before the Court.

"4. Defendant, BILL FORTINBERRY, offered no testimony.

"5. Defendant, J. H. TIMMONS, filed unsworn general denial and failed to appear in person or by attorney.

## CONCLUSIONS OF LAW

"Defendant, BILL FORTINBERRY'S denial does not substantially comply with the requirements of Rule 185 and is insufficient to require plaintiff to submit further proof of its claim. Rule 185 provides in such a case that the Defendant shall not be permitted to deny the claim."

Appellant's first point of error asserts that the trial court erred in admitting plaintiff's second amended original petition in evidence over appellant's objections after appellant had filed a sworn denial that plaintiff's account was just or true, in whole or in part.

■ We sustain this point. The account set out in Freeway Lumber's first petition and denied by the appellant in accordance with the provisions of Rule 185 is, except for invoice 18207 and the inadvertent omission of the credits, identical with that set out in Freeway Lumber's second petition.

We consider that the inclusion of the photocopy of invoice 18207 was also an inadvertence and that it did not make the account as alleged in the amended petition a new claim since its inclusion did not cause the plaintiff to allege an increase in the total amount of the debt and since the plaintiff has consistently alleged that the transactions made the basis of the suit were begun more than a week after May 28, 1966, the date of such invoice.

Appellant's affidavit, noticed above, was directed to the account set forth in plaintiff's original petition. We conclude that the amended petition was based on the same account and that the appellant was entitled to have his affidavit considered as a response to it.

The appellee points out that Rule 92, Texas Rules of Civil Procedure, is specifically limited to general denials: " * * * Where the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff."

■ It is our belief that if the account in the plaintiff's amended petition had substantially differed from that made a part of its original petition, Fortinberry's denial of the original account, even though complying with the requirements of Rule 185, would not have been sufficient to destroy the probative force of the amended account.

We have not found any Texas cases directly in point; it is stated in 2 McDonald, Texas Civil Practice, 742-4, § 8.10:

"An amended pleading (as distinguished from a trial amendment) supplants the instrument which it amends.

" 'Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleadings * * * unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of * * * or unless it be necessary to look to the superseded pleading upon a question of limitations.'

"And where the allegations of a pleading have been adopted in another pleading by reference, and thereafter the former pleading is amended, it still may be considered to determine the allegations thus adopted by reference. Save for these limited purposes, the superseded pleading forms no part of the record and may not, after it has been amended be incorporated by reference in pleadings subsequently filed. The amended pleading stands upon its own allegations, unaided by the superseded pleadings. Unless the appeal involves an issue as to the propriety of the amendment or as to limitations, or its insertion is necessary to make complete a pleading which prior to its amendment had incorporated part of it by reference, the abandoned pleading should not be included in the appellate transcript.

" * * *

"Since the amended pleading takes the place of the pleading it supersedes, an answer already on file directed to the earlier pleading will be construed automatically as an answer to the amendment, at least so long as the latter does not set up an entirely new claim on a wholly different transaction or occurrence. The same is true when the reply to the superseded pleading is found in some supplemental pleading on file at the time of the amendment. Of course, such answering pleading may need to be amended to meet new issues presented, but if this is not necessary the trial may proceed on the original reply pleading."

In 46 Tex.Jur.2d 49, Pleading, § 216, it is pointed out that a party has the alternatives of filing a further pleading in reply to his opponent's amendment or of relying on his pleadings as already filed which are deemed to be interposed to the amended pleading and that Rule 92 specifically so provides. "Under this rule of pleading a denial under oath is not required to be repeated, even in a suit for an injunction." Citing Trimble v. Hawkins, 197 S.W. 224 (Tex.Civ.App.1917, no writ).

We think the account remained the same and the plaintiff had no occasion to be misled by the failure of the appellant to repeat his denial in the form set out in Rule 185.

■ The appellee has not obtained a valid judgment against the appellant so the award of attorney's fees cannot stand. Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357 (Tex.Civ.App.1963, no writ). This cause must be reversed, but we

feel that justice would be best served by remanding it.

Defendant J. H. Timmons did not appeal from the judgment of the trial court. This cause is reversed and remanded to the trial court with instructions to sever the claim against Bill Fortinberry and allow him another trial.