**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00377-CV

---

### SOUTHERN MANAGEMENT SERVICES, INC., Appellant

### V.

### SM ENERGY COMPANY, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2011-21747**

---

## OPINION

Southern Management Services, Inc. ("Southern") appeals a summary judgment granted in favor of SM Energy Company ("SM"). Southern argues that the judgment is improper because SM did not conclusively establish the elements of its claims on sworn account and for breach of contract. Southern also argues that the judgment erroneously disposes of third-party defendants. We affirm in part, and reverse and remand in part.

# BACKGROUND

This dispute focuses on costs allegedly owed for operating certain oil and gas leases in Nacogdoches County. In 2005, EnCana Oil & Gas (USA) Inc. ("EnCana") and Goodrich Petroleum Corporation ("Goodrich") executed a Joint Operating Agreement ("JOA") to explore and develop the leases at issue. In 2008, EnCana and Goodrich amended the JOA and designated SM's predecessor-in-interest as operator. EnCana subsequently assigned its interests under the JOA to Southern, making Southern a thirty-percent working interest owner in the leases.

In 2010, SM delivered Southern a series of letters, offering Southern its proportionate share in the renewal of leases covered by the JOA. Cost sheets were attached to the letters explaining Southern's share. Southern signed and returned each letter, electing to participate in each of the renewals. Despite these elections, Southern did not pay its proportionate share of the costs.

In April 2011, SM sued to recover on a sworn account and for breach of contract. The sworn account was supported by the affidavit of David Dubiel, SM's regional land manager, and by an itemized record of invoices, charges, and offsets. In his affidavit, Dubiel attested that the total amount due and owing from Southern was $536,690.35, not including interest and attorney's fees. Southern answered with an unsworn general denial.

SM moved for summary judgment in September 2011. Apparently realizing the procedural consequences of its original pleading, Southern filed an amended answer and verified denial of SM's claimed account. Southern also filed a response to SM's motion, contesting summary judgment for several reasons. Southern argued, for instance, that SM had not proved its breach of contract claim because, having failed to attach the JOA to any of its pleadings, SM had not established the existence of a valid contract. Southern also argued that SM could not recover on a

2

sworn account because the claimed expenses were neither goods nor services. To assert a fact issue, Southern also attached an affidavit from David Disiere, its corporate secretary, denying the correctness of SM's account. Finally, in October 2011, Southern filed a third-party petition against EnCana and Goodrich, claiming that those parties might be liable for part of the amounts sought by SM.

SM filed an amended petition in December 2011, which updated many aspects of the sworn account and included the JOA as an exhibit. The amended account was supported by the affidavit of a different representative, Greg Little, who attested that Southern owed SM $486,747.23. The smaller balance was attributable in part to seven months of new revenue, which SM had withheld pursuant to a lien. The accounting also reflected other changes, including the addition of more than a dozen unpaid invoices issued since the date of the original petition, and the revision of charges for at least two invoices listed under the first accounting.

SM filed an amended motion for summary judgment on the same day as its amended petition. In its amended summary judgment response, Southern argued that SM's claim for breach of contract still failed because SM could not show a valid, enforceable contract in which Southern and SM were signatories. Southern also asserted that there was a genuine fact issue regarding its proportionate share of the leases. Southern repeated its argument regarding the sworn account, contending that judgment could not be granted where an account was not based on the provision of goods or services. Southern also challenged the sufficiency of the accounting, arguing that SM had not attached a systematic record of the transactions consistent with the rules of civil procedure.

The trial court granted judgment in favor of SM. The judgment was denominated as final and expressly disposed of "all parties." From this judgment, Southern now appeals.

## ANALYSIS

The parties have organized their briefs around a discussion of SM's two "claims:" sworn account and breach of contract. As an initial matter, we note that a suit on a sworn account is not an independent cause of action. *See Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979). It is based instead on Rule 185, which affords a procedural right of recovery in certain contract disputes. *See* Tex. R. Civ. P. 185. The rule provides that when an action is based on an open account in which a systematic record has been kept, the account shall be taken as prima facie evidence of the claim if it is supported by affidavit. *Id.* The affidavit must specifically state that the "claim is, within the knowledge of [the] affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." *Id.* When prima facie evidence of the claim is established, the movant is entitled to summary disposition of the case. *See Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.). However, Rule 185 further provides that the party resisting the claim may counter the evidentiary effect of the account by filing a written denial under oath. *See* Tex. R. Civ. 185. In such cases, a sworn denial forces the movant to put on proof of the claim. *See Rizk*, 584 S.W.2d at 862. A party who does not file a sworn denial may not dispute either the receipt of the items or services or the correctness of the stated charges. *See id.*

SM argues that it is entitled to judgment as a matter of law because Southern did not file a sworn denial of its amended account. Southern counters that the amended account is fundamentally flawed. Citing other procedural reasons,

4

Southern also argues that the absence of a second sworn denial is not dispositive. In resolving these disputes, we begin our analysis with an examination of SM's stated account. We consider such issues as whether the account is based on the provision of goods or services, whether such provision is supported by evidence of a contract, and whether the account sufficiently states a systematic record of the transactions. We then examine the impact of Southern's responses to determine whether SM was entitled to judgment on its sworn account.

Our review of the trial court's summary judgment is de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). With a traditional motion for summary judgment, the movant bears the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes each element of her cause of action or defense as a matter of law. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

## A.    The account is based on a contract for services.

According to Little's affidavit, SM sought recovery against Southern for Southern's "proportionate share in the leases and its proportionate share in development and operating costs." Southern argues that SM is not entitled to this recovery because there is no evidence of a contract making Southern liable for such costs. In support of this argument, Southern relies on the fact that it is not a

5

signatory to the JOA and SM is not a signatory to the assignment. Southern also complains that, to whatever extent the lease renewals evidence a contract, these renewals are deficient because they do not define Southern's "proportionate share," how much that share costs, or the terms of payment.

Under the terms of the JOA, each party is liable for its "proportionate share of the costs of developing and operating" the leasehold interests. The amendments to the JOA reflect that EnCana held a thirty-percent working interest in one leasehold, up to a certain depth beneath the surface. EnCana assigned that interest to Southern subject to Southern's express consent to be bound by and to bear all costs and expenses arising out of that leasehold. Southern agreed to bear the costs of renewal when it elected to participate in the renewal and returned its elections to SM. Its terms of payment are governed by the JOA. We reject Southern's argument that there is no evidence of a valid, enforceable contract.

Southern next argues that SM cannot recover on the sworn account because the account is not for the provision of goods or services. *See* Tex. R. Civ. P. 185 (indicating that an account may be for goods or for personal service rendered). Citing SM's own summary judgment evidence, Southern contends that the amount owed under the account is limited to just Southern's "proportionate share in the leases." Southern insists that the sworn account must fail because leases are real property interests, and not goods or services.

As previously mentioned, SM alleged that the account represented Southern's "proportionate share in the leases *and* its proportionate share in development and operating costs" (emphasis added). The supreme court has held that a sworn account may be based on the costs for developing and operating oil and gas interests. *See Vance v. Holloway*, 689 S.W.2d 403, 403–04 (Tex. 1985) (per curiam) (holding that operator was entitled to recover operating expenses on

6

sworn account where interest holder failed to file a sworn denial). Accordingly, the costs alleged by SM are costs for services recoverable under Rule 185.

## B.    The account is sufficiently stated.

Attached to Little's affidavit is a lengthy accounting of SM's transactions with Southern. The accounting lists each invoice issued to Southern by its identifying number. It also lists the dates of the invoices, the amounts charged, and other payment information. Southern argues that this accounting is deficient for two reasons: it contains no statement of exactly what services were provided, and the accounting denotes "Source" information with unexplained abbreviations. Southern contends that because the account contains no "specifics or details" as to how the amounts alleged were calculated, SM failed to strictly comply with Rule 185.

Southern relies mostly on older authority which required that an account state each item with reasonable particularity. In 1983, however, Rule 185 was amended by order to expressly provide that sworn accounts should be subject to ordinary rules of pleadings and practice. In its current form, the rule states that "[n]o particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings." Tex. R. Civ. P. 185.

Southern specially excepted on the basis that SM's "claim is not one for the provision of goods or personal services." It did not except further for lack of specificity. SM did not attach copies of the invoices to the sworn account, but Southern could have demanded them had it so desired. In the absence of a special exception, we hold that the account was not deficient for purposes of Rule 185. *See Enernational Corp. v. Exploitation Eng'rs, Inc.*, 705 S.W.2d 749, 751 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e); *see also Larcon Petroleum, Inc.*

7

*v. Autotronic Sys., Inc.*, 576 S.W.2d 873, 876 (Tex. App.—Houston [14th Dist.] 1979, no writ) (holding that statement was sufficient under old rule where, in addition to listing the nature of each item charged, the statement contained just the invoice date, the ticket number, the amount charged, the amount paid, and the remaining balance).

## C.    SM is entitled to judgment as a matter of law.

A plaintiff who complies with the requirements of Rule 185 is entitled to judgment as a matter of law unless the defendant files a verified denial. *See* Tex. R. Civ. P. 185; *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.). It is undisputed that Southern filed a verified denial of SM's original account, but not of SM's amended account. Because the amended account was substantially different, we hold that Southern's sworn denial of the original account was ineffective to counter the evidentiary effect of the amended account.

Under Rule 92, when a defendant has pleaded a general denial and the denial is "not required to be denied under oath," the denial is presumed to extend to all matters subsequently alleged if the plaintiff amends her pleadings. *See* Tex. R. Civ. P. 92. In the context of a sworn account, however, a written denial is not effective unless it is filed under oath. *See* Tex. R. Civ. P. 93(10); Tex. R. Civ. P. 185. The rules of procedure do not establish a similar presumption that a sworn denial extends to new matters alleged in an amended pleading. This omission suggests to us that a denial requiring verification must generally be filed again if the plaintiff amends the pleadings.

The First Court of Appeals reached the same conclusion in another case involving a sworn account. In *Fortinberry v. Freeway Lumber Co.*, a merchant sued two patrons for the unpaid costs of furnishing building materials. 453 S.W.2d

849, 850 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ). After the patrons filed a sworn denial of the account, the merchant amended its pleadings to name the patrons' legal partnership as a party defendant. The amended account was also revised to include an additional invoice. The account balance remained unchanged, however, apparently because the earlier invoice had been paid. The patrons did not file a second sworn denial, and the trial court granted judgment in favor of the merchant.

On appeal, the primary question was whether the sworn denial of the original account had any effect on the amended account. The court of appeals held that the sworn denial was effective to preclude summary disposition of the case because, although amended in name, the account remained unchanged. The court reasoned further, "It is our belief that if the account in the plaintiff's amended petition had substantially differed from that made a part of its original petition, [the patrons'] denial of the original account, even though complying with the requirements of Rule 185, would not have been sufficient to destroy the probative force of the amended account." *Id.* at 852. Accordingly, when an amended account substantially differs from the original account, the party resisting the account must file another sworn denial. *See id.*; *cf. Moriarty v. Williams*, 752 S.W.2d 610, 612 (Tex. App.—El Paso 1988, writ denied) (holding that motion to transfer venue should not have been granted where nonmovant amended pleadings to allege new causes of action and movant failed to specifically deny new venue facts).

In this case, SM's amended account was substantially different from its original account. The amended account revised the charges for two invoices listed on the original account. It also included new charges and credits that had accrued since the date of the original petition. Altogether, the balances differed by almost fifty thousand dollars. Persuaded by *Fortinberry*, we hold that Southern was

9

required to deny the amended account under oath and its failure to do so entitles SM to judgment as a matter of law.

Southern raises a procedural challenge to the summary judgment, focusing on the theories expressly alleged in SM's amended motion for summary judgment. Because the amended motion was filed on the same day as the amended petition, SM had no basis for arguing that judgment should be granted for lack of a second sworn denial. At that time, such an allegation would have been premature. SM did not raise the fact of the absent sworn denial until its reply to Southern's amended summary judgment response. On appeal, Southern argues that summary judgment was inappropriate because judgment may not be granted on an argument raised in a reply.

We conclude that there is no error. Under Rule 185, the plaintiff establishes prima facie evidence of the account by attaching an affidavit showing that a systematic record of the account has been kept. The burden then shifts to the party resisting the account to file a written denial under oath. The absence of a sworn denial is not an element the plaintiff is required to prove. *See Airborne Freight Corp. v. CRB Mktg., Inc.*, 566 S.W.2d 573, 575 (Tex. 1978) (per curiam) (holding that an "unsworn denial did not place in issue any element of the plaintiff's cause of action"). Accordingly, SM was not required to explicitly argue that judgment should be granted because Southern had not filed a second sworn denial.

Finally, we note that the outcome of this case would have been the same even if the probative force of SM's account had somehow been countered. A movant can still recover a debt by offering proof of the claim. *See Rizk*, 584 S.W.2d at 862. In this case, SM attached Little's affidavit and all of the exhibits supporting the sworn account to its amended motion for summary judgment. Because SM's summary judgment evidence established proof of the debt, it was

10

incumbent upon Southern to raise some issue of material fact. Southern failed to meet its burden. The only evidence attached to Southern's amended summary judgment response is the affidavit from David Disiere, which predated the amended petition by nearly three months. This evidence only contested the correctness of the original account, not the amended account. The original account was no longer an issue, however, because SM sought judgment on the amended account instead. Therefore, even if SM could not recover under the procedures of Rule 185, SM was still entitled to judgment as a matter of law because it established proof of its claim and the proof was uncontested.

## D.    The judgment erroneously disposes of third-party defendants.

SM moved for judgment exclusively on its claims against Southern; its motion did not address Southern's third-party claims against EnCana and Goodrich. By the time the motion had been set for hearing, the trial court had granted Southern leave to add EnCana and Goodrich as third-party defendants. Prior to the hearing, EnCana and Goodrich had been served with process, but the returns of service were not on file with the court. Also, neither third-party defendant had filed an original answer. Yet when the trial court granted SM's summary judgment, it declared, "This judgment is final, disposes of all parties, and is appealable." Southern now complains that the trial court's judgment erroneously disposed of its claims against EnCana and Goodrich.

Unless otherwise authorized, an appeal may be taken only from a final judgment or order. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, 51.014. A judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *See Lehmann v. Har-Con Corp.*, 39

S.W.3d 191, 192–93 (Tex. 2001). Because a final judgment does not have to be in any particular form, deciding whether a judicial decree is a final judgment must be determined from its language and the record in the case. *Id.* at 195. If the order does not dispose of every pending claim but is "clearly and unequivocally" final on its face, the order is not interlocutory merely because the record does not afford a legal basis for the adjudication. *Id.* at 206. Rather, the order is final but erroneous. "In those circumstances, the order must be appealed and reversed." *Id.*

The claims against EnCana and Goodrich were not addressed in SM's motion for summary judgment. Yet the trial court's judgment contains clear language of finality. Disposition of the third-party claims was error. *See Ritzell v. Espeche*, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam); *Lehmann*, 39 S.W.3d at 206. Accordingly, we sustain Southern's last issue and reverse the trial court's judgment for an adjudication of its third-party claims.

## CONCLUSION

The trial court's judgment is affirmed to the extent it grants SM recovery on the sworn account and breach of contract. Because the judgment erroneously disposed of other claims that have not been adjudicated, the trial court's judgment is reversed and those claims are remanded for additional proceedings consistent with this opinion.


/s/    Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.