**Opinion issued April 28, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00805-CV

———————————

## IN RE CITY OF HOUSTON, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, the City of Houston, has filed a petition for writ of mandamus asserting that the trial court modified a final judgment after its plenary power expired.[1] The City requests that our court compel the trial court to set aside its modified order. We conditionally grant the petition.

---

[1] The underlying case is *Dario Soto v. Cameron Mitchell Davis*, cause number 2019-09276, pending in the 164th District Court of Harris County, Texas, the Honorable Caroline Baker presiding.

## Background

Plaintiff in the underlying case sued a City of Houston police officer for injuries arising from an automobile accident. The police officer (who was represented by the City of Houston's legal department) filed a motion to dismiss pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code, asserting that he was acting in his capacity as an employee of the City and therefore the suit must be filed against the City. The officer attached a proposed final judgment dismissing the case. The draft judgment was entitled a final judgment, granted the motion to dismiss, and declared that it disposed of all parties and claims. On the same day, the plaintiff amended his petition to remove the officer and add the City as the defendant. On June 3, 2019, the trial court signed the police officer's proposed final judgment, which provided that it "disposes of all parties and claims and is final and appealable." The judgment does not mention the City.

Four months later, counsel for plaintiff requested deposition dates from the City. The City refused to provide any depositions, asserting that the June 3 judgment was a final judgment and the trial court's plenary power had expired. The next day, on October 10, 2019, the trial court issued a modified version of the June 3 judgment (1) changing the title from "Final Judgment" to "Order" and (2) striking the sentence providing that the order "disposes of all parties and claims and is finial and appealable." The original version of the June 3 judgment was removed from the

2

district court's website and the entry for that date was revised to indicate that an interlocutory, partial dismissal was issued instead of a final judgment. Counsel for plaintiff again sought deposition dates and the City again refused, asserting that the trial court lacked plenary power to issue the modified order.

The City filed a mandamus petition requesting that we (1) compel the trial court to withdraw its modified order and (2) compel the district court clerk to put the June 3 judgment back in the case records and change the description for that date to indicate that a final judgment was entered. Our court requested that real party in interest file a response to the petition but a response was not filed.

### Standard of Review

To be entitled to mandamus relief, a relator must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004). When an order is void, "the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).

### Analysis

The City asserts that it is entitled to mandamus relief because (1) the June 3 judgment was a final judgment and (2) the trial court lacked plenary power to modify the judgment and thus its modified order is void. We agree.

3

### *The June 3, 2019 Order is a Final Judgment*

In 2001, the Texas Supreme Court announced two tests to determine the finality of orders issued before the conclusion of a trial. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200–206 (Tex. 2001). First, an order can be final if it includes a finality phrase, such as, "This judgment finally disposes of all parties and claims and is appealable." *Id*. at 206. Second, an order can be final if its effect is to dispose of all claims and parties before the trial court. *Id*. at 205. As discussed below, the June 3 judgment satisfies the first test for finality because it includes finality language stating, "This order disposes of all parties and claims and is final and appealable."

In *Lehmann v. Har-Con Corp.*, the Supreme Court of Texas explained that "if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Id*. at 206. "[T]he language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Id*. at 200. The Supreme Court gave an example of clear and unequivocal language that would leave no doubt that the trial court entered a final judgment: "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable' would leave no doubt about the court's intention." *Id*. at 206.

The June 3 judgment contains finality language similar to the example provided in *Lehmann*. Although the June 3 judgment only referenced dismissal of the officer and not the City, *Lehmann* holds that such finality language renders the judgment final "even though it should have been interlocutory." *Id*. at 200. The Texas Supreme Court further explained this holding in *In re Daredia*, 317 S.W.3d 247 (Tex. 2010) (per curiam), a case similarly involving a judgment that included finality language but did not mention another defendant.

In *Daredia*, American Express sued Daredia and Map Wireless. 317 S.W.3d at 248. Daredia answered the lawsuit, but Map Wireless did not, and American Express moved for default judgment against Map Wireless. *Id*. The trial court signed the default judgment submitted by American Express, which concluded with two sentences stating, "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." *Id*. More than fifteen months later, American Express moved for judgment nunc pro tunc to correct "typographical errors" in the judgment regarding its finality so that the case could proceed against Daredia. *Id*. Daredia responded that the judgment was final and the trial court had lost plenary power thirty days after the judgment was signed. The Supreme Court agreed and granted Daredia's petition for writ of mandamus. *Id*. The Supreme Court explained that the finality language rendered the judgment final and "holding that the failure to mention Daredia creates an ambiguity

5

that makes the judgment interlocutory is contradicted by *Lehmann*." *Id*. at 249. The

Supreme Court further explained:

> [T]he lack of any basis for rendering judgment against Daredia did not preclude dismissing him from the case. Even if dismissal was inadvertent, as American Express insists, it was nonetheless unequivocal, and therefore effective. American Express complains that the trial court never made a substantive disposition of its claims against Daredia, but dismissal is not a ruling on the merits. We conclude that the judgment by its clear terms disposed of all claims and parties and was therefore final.

*Id*. The Supreme Court concluded "that the trial court clearly abused its discretion

in setting aside a judgment after its plenary power expired. Daredia has no adequate

remedy at law." *Id*. at 250.

Consistent with *Lehmann* and *Daredia*, we conclude that the June 3, 2019

order was a final judgment. *See S. Mgmt. Servs., Inc. v. SM Energy Co*., 398 S.W.3d

350, 357-58 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (order granting motion

for summary judgment, even though it did not expressly dispose of claims against

third-party defendant, was a final judgment because it stated, "This judgment is final,

disposes of all parties, and is appealable."); *Morris v. Deutsche Bank Nat'l Tr. Co.*,

528 S.W.3d 187, 193 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (order

partially granting summary judgment as to some claims but not others was

nevertheless final judgment under *Lehmann* and *Daredia* because order stated, "This

order disposes of all parties and all claims in this action and constitutes a final

judgment for all purposes including appeal").

6

*Modifications to the Order Were Made After Plenary Power Expired*

Because the June 3, 2019 order was a final judgment, the trial court had plenary power to grant a new trial or modify the judgment within thirty days after signing the judgment. *See* TEX. R. CIV. P. 329b(d), (f). Plaintiff did not file any post-judgment motion that would have extended the trial court's plenary power beyond thirty days. *See* TEX. R. CIV. P. 329b(a). The trial court lost plenary power over the case thirty days after the final judgment was signed. TEX. R. CIV. P. 329b(f); *see also In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2019) (holding trial court "must correct judicial errors within thirty days of judgment or not at all"); *In re Daredia*, 317 S.W.3d at 248 (concluding once judgment is final and court loses plenary power, court has no authority to act in lawsuit); *Jefferson v. Pirtle*, No. 14-17-00817-CV, 2018 WL 6494244, at *1 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (mem. op.) ("The parties did not file a post-trial motion that had the effect of extending appellate deadlines. Thus, the trial court lost plenary power on June 8, 2016, thirty days after signing the final judgment."). Accordingly, the trial court lacked plenary power to modify the judgment or reinstate the case after its plenary power expired.

The Texas Supreme Court's decision in *Elizondo* addressed a similar attempt to modify a judgment more than 30 days after the judgment was signed to remove an erroneous inclusion of finality language. In *Elizondo*, the plaintiffs sued the defendants over a cost dispute on building the plaintiffs' home. 544 S.W.3d at 825.

7

Early in the case, the trial court signed a temporary injunction preventing the defendants from selling certain property based on the presence of a lien. *Id.* The defendants filed a motion to remove the lien and submitted a draft order granting their motion. *Id.* Although the order would not have otherwise disposed of the plaintiffs' claims, the order included a finality phrase stating: "This judgment is final, disposes of all claims and all parties, and is appealable. All relief not granted herein is denied." *Id.* The trial court signed the order, and no party took corrective action in the 30 days of the trial court's remaining plenary power. *Id.*

Several weeks after plenary power lapsed in *Elizondo*, the plaintiffs noticed the error and requested a corrected order. *Id.* The trial court issued an amended order, "this time omitting the finality phrase." *Id.* Our court granted the defendants' request for mandamus relief challenging the trial court's authority to amend the order and directed the trial court to vacate the amended order. *Id.* Plaintiffs then filed a mandamus petition with the Texas Supreme Court challenging our opinion. *Id.* at 825–26. The Court denied the petition, agreeing with our granting of mandamus relief. *Id.* at 829. In its decision, the Court re-affirmed its holding in *Lehmann* that, when an order contains finality language, the language is controlling and the order is a final judgment, even if the finality is erroneous. *Id.* at 827–28. The Court explained:

[Plaintiffs] had thirty days to examine the one-page order and notice that it included a finality phrase. Even if [they] disagreed that the order was final, [they] should have treated it as though it was. Had [they] examined the order within the thirty-day window, [they] could have sought an amended order or pursued an appeal. Since [plaintiffs] waited more than thirty days to contend that the order improperly disposed of [their] other claims, [they have] lost them. Though jarring for [plaintiffs], this outcome reflects *Lehmann*'s reasoning and comports with this Court's subsequent application of *Lehmann*'s finality tests.

*Id.* at 827 (citing *Lehmann*, 39 S.W.3d at 196).

The Court *in Elizondo* rejected the plaintiffs' arguments that, when an order contains finality language, a court can look at the rest of the record to determine whether the order actually is final. *See id*. at 827–28 (holding that "a reviewing court confronting an order that includes a finality phrase cannot look at the record" and "must take the order at face value."). It also rejected the argument that removing finality language can be construed as correcting a clerical error. *Id.* at 829. ("The trial court's inclusion of the finality phrase in the original order constituted judicial error.").

The Texas Supreme Court recently reiterated its holding that reviewing courts cannot consider the record to determine finality when an order provides a clear and unequivocal statement of finality:

[Appellant] argues that the court of appeals should not have analyzed the record for evidence of finality after the trial court provided a clear and unequivocal statement that it had intended the appealed-from order to be a final judgment. We agree. We have previously held that a judgment is final *either* if "it actually disposes of every pending claim

and party" *or* "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The court of appeals mistakenly read *Lehmann* to require record evidence of finality *and* an unequivocal expression of finality. *Young*, 566 S.W.3d at 833. But this approach "would distill *Lehmann*'s joint tests into a simple rule: when there has not been a conventional trial on the merits, a court must look to the record to determine whether the judgment is final. That is not *Lehmann*'s rule." *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (per curiam). Instead, a clear and unequivocal statement of finality must be "given effect" even if review of the record would undermine finality. *Lehmann*, 39 S.W.3d at 206.

*Bella Palma, LLC v. Young*, No. 19-0204, 2020 WL 1898543, at *2 (Tex. Apr. 17, 2020) (per curiam) (emphasis in original).

As in *Elizondo*, the trial court in this case lacked plenary power to issue its modified order correcting its final judgment more than thirty days after the judgment was signed. Accordingly, the modified judgment is void and the City need not demonstrate that it lacks an adequate remedy by appeal to be entitled to mandamus relief. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see also In re Elizondo*, 544 S.W.3d 829, *In re Daredia*, 317 S.W.3d at 250.

**Conclusion**

For the foregoing reasons, we conclude that the trial court abused its discretion by modifying its final order. We conditionally grant the petition for writ of mandamus and direct the trial court to (1) vacate its modification order and (2) reinstate its June 3, 2019 judgment. We are confident that the trial court will

promptly comply, and our writ will issue only if it does not. We dismiss any pending motions as moot.

                        Gordon Goodman
                        Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.