**FILED**

November 21, 2025

**Fifteenth Court of Appeals**
**Christopher A. Prine**
**Clerk of Court**

ACCEPTED
15-25-00088-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 3:30 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00088-CV**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/18/2025 3:30:28 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

IN RE: ASTRAZENECA PHARMACEUTICALS LP

*Relator*

Original Proceeding from the 71st Judicial District Court
in Harrison County, Texas
The Honorable Brad Morin, Presiding

## SUR-REPLY IN FURTHER RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Samuel F. Baxter
Jennifer L. Truelove
McKool Smith, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

Mark Lanier
Zeke DeRose
Jonathan Wilkerson
THE LANIER FIRM
10940 W. Sam Houston Pkwy N, Suite 100
Houston, TX 77064
(800) 723-3216
Fax: (713) 659-2204

***Attorneys for Plaintiffs and Real-Parties-in-Interest SCEF, LLC and Lynne Levin-Guzman***

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balawajder v. Belanger*,
 2005 Tex. App. LEXIS 1654 (Tex. App.—Eastland, March 3, 2005, pet.
 denied)..................................................................................................................2

*City of Austin v. L.S. Ranch, Ltd.*,
 970 S.W.2d 750 (Tex. App.—Austin 1998, no pet.)...........................................1

*FDIC v. Lenk*,
 361 S.W.3d 602 (Tex. 2012) ...............................................................................7

*Fortinberry v. Freeway Lumber Co.*,
 453 S.W2d 849 (Tex. App.-Houston [1st Dist. 1970).........................................4

*In re Hardwick*,
 426 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2012, orig.
 proceeding) .....................................................................................................2, 3

*Harris County Appraisal Dist. v. O'Connor & Assocs.*,
 2006 Tex. App. LEXIS 9421 (Tex. App.—Houston [14th Dist.]
 Oct. 31, 2006, appeal dismissed) ........................................................................1

*In re Int'l Profit Assocs., Inc.*,
 274 S.W.3d 672 (Tex. 2009, orig. proceeding) (per curiam) ..............................5

*In re Liberty Cnty. Mut. Ins. Co.*,
 606 S.W.3d 866 (Tex. App.—Houston [14th Dist.] 2020, orig.
 proceeding) ..........................................................................................................2

*Montelongo v. Abrea*,
 622 S.W.3d 290 (Tex. 2021) ...............................................................................6

*In re Rino-K&K Compression, Inc.*,
 656 S.W.3d 153 (Tex. App.—Eastland 2022, orig. proceeding) .........................4

*In re Shire PLC*,
 633 S.W.3d 1 (Tex. App.—Texarkana 2021, orig. proceeding) ..........................5

*In re Sanofi-Aventis U.S. LLC,*
 711 S.W.3d 732 (Tex. App.—15th Dist. 2025, orig. proceeding) ......................8

*In re Travelers Prop. Cas. Co. of Am.,*
 485 S.W.3d 921 (Tex. App.—Dallas 2016, orig. proceeding)............................2

*In re Waste Mgmt. of Tex., Inc.,*
 392 S.W.3d 861 (Tex. App.—Texarkana 2013, orig. proceeding) ......................7

Astra's[1] Reply boils down to three points. According to Astra, (i) even though Plaintiffs' operative pleading alleges extensive in-forum activities that meet the THFPA's venue provision, this Court must resolve Astra's mandamus challenge by looking at a superseded pleading; (ii) even though Astra purposefully waited *20 months* to file its mandamus petition, that delay does not trigger laches; and (iii) even though there are key factual differences between the cases, *Sanofi* is allegedly "on all fours with this case" and dispositive here. None of this passes muster.

*1.* Astra's assertion that the Second Amended Petition is irrelevant fails for two reasons. First, under Rule 65, Plaintiffs' previous venue allegations are superseded and no longer part of the record. Astra cannot contest this and does not even try. Nor does Astra seriously contest that, because the venue allegations in the superseded pleading are no longer part of the record, the venue dispute Astra put before this Court is now academic.[2] It is thus beside the point that, notwithstanding the filing of the Second Amended Petition, there may still be a "live [venue]

---

[1] Terms defined in Plaintiffs' Response carry the same meaning here. Unless otherwise indicated, all emphases herein are supplied.

[2] *Harris County Appraisal Dist. v. O'Connor & Assocs.*, 2006 Tex. App. LEXIS 9421, *9-10 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, appeal dismissed) (dismissing as "moot" an appeal involving a "pleading that was no longer 'live'"); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 755 (Tex. App.—Austin 1998, no pet.) (holding that interlocutory appeal of denial of plea to jurisdiction based on lack of controversy was rendered moot when the appellee amended the petition to allege justiciable controversy).

4931-8137-5314

controversy between the parties"—concerning *different* facts. Reply at 18. If a venue controversy remains, it is different from the one at issue here. And any controversy that still exists should be resolved *by the District Court* (not this Court), *based on the current record* (not a record that is now "ineffective"[3]).

Second, the three cases Astra cites to support its contrary position (Reply at 7-8) are inapt. Two of them do not involve amended pleadings;[4] rather, they stand for the unremarkable proposition that the record on appeal must mirror the record presented below. While more analogous, Astra's third case—*Hardwick*[5]—is similarly distinguishable. *Hardwick* involved a dispute between a developer of oil and gas reserves (Smith) and an individual (Hardwick) who had performed various landman work for Smith. After Hardwick resigned his job, Smith filed suit in Harris County. Hardwick filed a motion to transfer venue, arguing that, pursuant to two distinct sections of the Civil Practice and Remedies Code, venue was *mandatory* elsewhere—either in the county where Hardwick resided or any of the counties in which the land underlying the parties' dispute was located. The district court denied

---

[3] *Balawajder v. Belanger*, 2005 Tex. App. LEXIS 1654, *7 (Tex. App.—Eastland, March 3, 2005, pet. denied) ("An amended pleading . . . replaces all previous pleadings, *rendering the previous pleadings ineffective*.").

[4] *In re Liberty Cnty. Mut. Ins. Co.*, 606 S.W.3d 866, 874 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re Travelers Prop. Cas. Co. of Am.*, 485 S.W.3d 921, 924 (Tex. App.—Dallas 2016, orig. proceeding).

[5] *In re Hardwick*, 426 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding).

2

the venue motion, and Hardwick filed a mandamus petition. While the mandamus petition was pending, Smith twice amended its petition and asserted an altogether different theory of venue. The court of appeals declined to consider the amended petitions, granted mandamus, and directed the district court to determine the county where the suit should be transferred. Even if this Court were bound by *Hardwick* (and it is not), there are two key factual distinctions that make it inapplicable here.

As an initial matter, in *Hardwick*, the plaintiff did not file suit in any of the counties where it was statutorily *required* to file; rather, it filed suit in a court where it had no right to be. Here, in contrast, the THFPA expressly authorizes suit in *any* county where *any* part of the challenged conduct occurred, including Harrison County. Furthermore, *Hardwick* did not involve a motion to transfer predicated on the defendant's denial of venue facts, as here, and the amendments the *Hardwick* plaintiff undertook while mandamus was pending sought to assert a different theory of venue. In contrast, the new allegations Plaintiffs added to the Second Amended Petition demonstrate that the centerpiece of Astra's 2023 venue motion—the assertion that Astra conducts no relevant in-forum activities—was incorrect. At bottom, Astra misstated its connections to Harrison County; refused to produce venue discovery; and, having been caught red handed, now pretends that its actual connections to Harrison County do not matter. This does not hold water. Plaintiffs were within their rights to amend their pleading to conform their venue allegations

3

with the discovery record, and Plaintiffs' current venue allegations are now uncontested.[6] Consistent with Rule 65, the Court should now dismiss Astra's mandamus challenge because it presents an academic question calling for an advisory opinion.

**2.** Astra's assertion that laches is not triggered—despite the 20-month gap between the venue ruling and this challenge—is incorrect. According to Astra, because it has a "statutory" right to mandamus, laches does not apply. Reply at 12. But none of Astra's cases exempts venue rulings from laches. Indeed, the only case Plaintiffs (and apparently Astra) have found that considered this issue—*In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 161 (Tex. App.—Eastland 2022, orig. proceeding)—makes clear that laches *can* apply to venue rulings.[7] And there is no reason to think that a statutorily-created right to mandamus is exempt from the Supreme Court's unqualified holding that "delaying the filing of a petition for writ of mandamus relief may waive the right to mandamus unless the relator can justify

---

[6] Astra did not file an Answer to the Second Amended Petition. Thus, for all of Astra's protestations (*see* Reply 9-11), Plaintiffs' venue allegations are uncontested. *See Fortinberry v. Freeway Lumber Co.*, 453 S.W2d 849, 852 (Tex. App.—Houston [1st Dist. 1970) ("It is our belief that if the account in the plaintiff's amended petition had substantially differed from that made a part of its original petition, [the defendant's] denial of the original account . . . would not have been sufficient to destroy the probative force of the amended account.").

[7] As explained in the Response, the *In re Rino-K&K* court found that the plaintiff's challenge was not barred by laches because the plaintiff acted diligently.

4

the delay." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009, orig. proceeding) (per curiam).

Equally unpersuasive is Astra's argument that, because it filed its challenge more than 90 days prior to trial, laches does not apply. As Plaintiffs explained in the Response, while Section 15.0642 requires mandamus relief to be sought before a date certain, it does not create a license for Astra to "slumber on its rights"—for years. Rather, Section 15.0642 merely provides a point of no return and cuts off appellate relief if mandamus is not pursued before.

Astra's attempt to explain away the 20-month delay is facially untenable. Astra asserts that it acted "reasonabl[y]" because, when it lost the venue ruling 24 months ago, this Court "did not exist" and the court that would have heard the challenge back then (the Sixth Court) "had recently issued *In re Shire PLC*, 633 S.W.3d 1 (Tex. App.—Texarkana 2021, orig. proceeding), suggesting mandamus review in [THPFA] cases would be an inefficient use of both party and judicial resources." Reply at 16. It is not credible to assert that a defendant is excused from its obligation to diligently pursue its appellate rights because it thinks it has no shot on appeal. Tellingly, *Shire* has nothing to do with venue or any procedural issue relevant here.

Finally, there is no merit to Astra's attempts to minimize the prejudice Plaintiffs will suffer from an eve-of-trial venue change. Putting aside the additional

4931-8137-5314

time and expenditures that will result from transfer, Plaintiffs have also explained that a transfer to a venue located 300 miles away from Harrison County may hamstring Plaintiffs' trial proofs.[8] Astra has no response to this point.

**_3._** Astra reliance on *Sanofi*—and its assertion that *Sanofi* is "on all fours with this case" (Reply at 1)—fails, for three distinct reasons.

First, unlike the *Sanofi* defendant, Astra did not contest below that its product websites communicate "offers" to prescribers. *See* Response at 7, 25. In its Reply, Astra tacitly concedes this but argues there is no waiver because, "[u]nder Texas law, parties may waive *issues*, not *arguments*." Reply at 5 (citing *Montelongo v. Abrea*, 622 S.W.3d 290, 298 n.10 (Tex. 2021); emphasis in the original)). According to Astra, because it challenged venue below, it is free to raise *any* venue arguments here—even arguments that rely on *facts* it conceded below. *Id.* That is not the law. Astra was free to argue below (just like Sanofi) that, as a factual matter, its product websites did not convey offers to prescribers. Astra did not, instead focusing on a different factual point (alleged lack of proof of access from Harrison County). Indeed, during oral argument before the District Court, Astra argued that, to establish venue through the websites, "*all they would have had to do was to . . . have someone*

---

[8] Baxter Decl. ¶ 6 (noting that four of the six experts whose testimony Plaintiffs expert to proffer at trail are based in or around Harrison County, that three of them are practicing physicians whose ability to care for their patients will be significantly impacted if the case is transferred, and that one or more of these experts may not even be able to attend trial in Travis County).

6

*come in here and say I've accessed the website here in Harrison County and it's available*." MR227. Plaintiffs offered that proof below, and the Reply tacitly concedes this. At bottom, Astra conceded a factual *issue* below, which it cannot walk back here. *See FDIC v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court . . . , an appellate court may not consider the unpreserved or waived issue."). This is classic waiver.

Second, here, unlike in *Sanofi*, Plaintiffs produced evidence that Astra distributed—within Harrison County—*physical* brochures that advertised the challenged Free Nurse and Support Services and invited applications for these services.[9] While, under *Sanofi*, the brochure is not an "offer"—that is irrelevant. Indisputably, the product brochure at issue *advertises the free services* Plaintiffs are challenging and *invites patients to apply for them*. This in-forum activity is indisputably "*part*" of the challenged conduct—and thus it suffices under the TMFPA's venue provision. And while Astra attempts to analogize (Reply at 6-7) to one of the allegations this Court found insufficient in *Sanofi*—which concerned

---

[9] In its Reply, Astra continues to urge that the District Court should not have considered this evidence. Reply at 5. But Astra did not move to strike, nor did it ask the District Court to rule on the objection it raised during the venue hearing. "To preserve error for appellate review, a party must first present its complaint to the trial court and obtain a ruling." *See In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 870 n.13 (Tex. App.—Texarkana 2013, orig. proceeding) (citing Tex. R. App. P. 33.1).

7

Sanofi representatives visiting providers—this fails. The reason why this Court found the *Sanofi* plaintiff's allegation concerning sales reps insufficient was because the plaintiff there failed to provide the necessary "details of what allegedly occurred at those meetings [between sales reps and providers] or how those meetings relate to the allegations [at issue]." *In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732, 739 (Tex. App.—15th Dist. 2025, orig. proceeding). The physical brochures readily provide that detail because they advertise the free services Plaintiffs are challenging.

Third, Astra's position that *Sanofi* precludes remand for venue discovery is incorrect. As Plaintiffs explained in their Response, at every turn, Plaintiffs' actions here distinguish this case from *Sanofi*. That is because Plaintiffs (i) served venue discovery (MR168-80); (ii) expressly cross-moved for a continuance (MR160); (iii) expressly opposed Astra's motion for protective order (MR160); and (iv) obtained a ruling denying that motion and authorizing venue discovery (SMR1).[10] What's more, we now know precisely what venue discovery would have shown: that Astra's denial of Plaintiffs' 2023 venue facts was baseless.

---

[10] *Compare Sanofi*, 711 S.W.3d at 741 ("Here, there is no evidence in the record that [the plaintiff] served discovery on Sanofi prior to the venue determination or that [the plaintiff] obtained a ruling from the trial court on its continuance motion or discovery request. It proceeded at the venue hearing without re-urging its continuance motion or discovery request and without requesting a ruling.").

8

For the foregoing reasons, Astra's petition for writ of mandamus should be dismissed or denied.

4931-8137-5314

Dated:  August 18, 2025

Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter (co-lead counsel)
sbaxter@mckoolsmith.com
Jennifer L. Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

*/s/ Mark Lanier*
Mark Lanier (co-lead counsel)
Zeke DeRose
Jonathan Wilkerson
THE LANIER FIRM
10940 W. Sam Houston Pkwy N
Houston, TX 77064
(800) 723-3216
Fax: (713) 659-2204

***Attorneys for Plaintiffs and Real-Parties-in-Interest SCEF, LLC and Lynne Levin-Guzman***

4931-8137-5314

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 18, 2025 to counsel of record.

*/s/ Samuel F. Baxter*
Samuel F. Baxter

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2016, this Surreply in Further Response to Petition for Writ of Mandamus contains 2,168 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Samuel F. Baxter*
Samuel F. Baxter

4931-8137-5314

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104513977
Filing Code Description: Motion
Filing Description: MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER RESPONSE TO PETITION FOR WRIT OF MANDAMUS
Status as of 8/18/2025 3:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kennon L.Wooten | | kwooten@scottdoug.com | 8/18/2025 3:30:28 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 8/18/2025 3:30:28 PM | SENT |
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Melissa Smith | 24001351 | melissa@gillamsmithlaw.com | 8/18/2025 3:30:28 PM | SENT |
| William Peterson | 24065901 | willpete@gmail.com | 8/18/2025 3:30:28 PM | SENT |
| Samuel Baxter | 1938000 | sbaxter@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| Brian McBride | 24002554 | scott.mcbride@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| Zeke DeRose | 24057421 | zeke.derose@lanierlawfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Jennifer Truelove | 24012906 | jtruelove@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| Alex Brown | 24026964 | alex.brown@lanierlawfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@hhs.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| W. Mark Lanier | 11934600 | jrm@lanierlawfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Heidi Rasmussen | 24090345 | heidi.rasmussen@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| Nadia Burns | 24041176 | nadia.burns@oag.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| Ruth Adams | | radams@scottdoug.com | 8/18/2025 3:30:28 PM | SENT |
| Paige Cheung | 24116193 | paige.cheung@oag.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| Steve McConnico | | smcconnico@scottdoug.com | 8/18/2025 3:30:28 PM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 8/18/2025 3:30:28 PM | SENT |
| John Dodds | | john.dodds@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| Erica Jaffe | | erica.jaffe@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 8/18/2025 3:30:28 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104513977
Filing Code Description: Motion
Filing Description: MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER RESPONSE TO PETITION FOR WRIT OF MANDAMUS
Status as of 8/18/2025 3:36 PM CST

Case Contacts

| W. Mark Lanier | | WML@LanierLawFirm.com | 8/18/2025 3:30:28 PM | SENT |
|---|---|---|---|---|
| Vivian Egbu | | vivian.egbu@oag.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| Lauren Sibley | | lauren.sibley@oag.texas.gov | 8/18/2025 3:30:28 PM | SENT |
| Steven Strauss | | steven.strauss@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| joel leach | | jleach@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| denise lopez | | dlopez@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| Cynthia Lu | | cynthia.lu@oag.texas.gov | 8/18/2025 3:30:28 PM | ERROR |
| Angel Devine | | adevine@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| Radu Lelutiu | | rlelutiu@mckoolsmith.com | 8/18/2025 3:30:28 PM | SENT |
| Ryan McCarthy | | ryan.mccarthy@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| Bradie Williams | | bradie.williams@morganlewis.com | 8/18/2025 3:30:28 PM | SENT |
| Joshua Morrow | | josh@lkcfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Scott Keller | | scott@lkcfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Andrew Davis | | andrew@lkcfirm.com | 8/18/2025 3:30:28 PM | SENT |
| Cathy Hodges | | catherine.hodges@aporter.com | 8/18/2025 3:30:28 PM | SENT |